427 So.2d 1060 (1983)
Peter GLIGORIJEVIC, Appellant/Cross-Appellee,
v.
Angelina GLIGORIJEVIC, N/K/a Angelina Desautels, Appellee/Cross-Appellant.
No. 82-364.
District Court of Appeal of Florida, Second District.
March 9, 1983.
Alice K. Nelson, Tampa, for appellant/cross-appellee.
Elinor P. Smith of Shea and Smith, Tampa, for appellee/cross-appellant.
HOBSON, Acting Chief Judge.
Peter Gligorijevic (father), respondent below, appeals a final order in which the circuit court 1) declined to recognize and enforce a New Jersey court's modification custody decree under section 61.1328 of the Uniform Child Custody Jurisdiction Act (hereinafter the Act), sections 61.1302-61.1348, Florida Statutes (1977), and 2) mandated that the circuit court's earlier temporary orders, requiring the father to pay $25 per week in child support and allowing him to visit the child according to a set schedule and under certain conditions, were to remain in effect. Angelina Gligorijevic, now known as Angelina Desautels (mother), petitioner *1061 below, cross-appeals the same final order in which the court refused to exercise jurisdiction over her petition for determination of custody pursuant to section 61.1308. We reverse in part and affirm in part.
The New Jersey Superior Court, Chancery Division, Union County, rendered a divorce decree in September 1979 which awarded the mother custody of the parties' child, then four and one-half years old, and required the father to pay $25 per week in child support, but failed to establish visitation rights. The court held a hearing on the matter of visitation rights on December 19, 1980, pursuant to the father's motion to establish visitation rights and the mother's cross-motion to restrict visitation rights. On the day of the scheduled hearing, the mother departed for North Carolina with the child on a vacation; she was represented at the hearing by her New Jersey attorney. The court filed an order on December 22, 1980, which granted the father visitation rights and established a visitation schedule, including the right to visit the child for several hours on December 24, 1980. Although the mother received notification while in North Carolina about the father's right to visit the child on Christmas Eve, she did not return to New Jersey with the child until January 3, 1981. To further complicate matters, she moved to Florida with the child on January 7, 1981, without informing the father.
In March 1981, while the mother was still represented by her New Jersey attorney, the New Jersey court filed an order which adjudged her guilty of contempt for violating the visitation order. The contempt order, which indicated that she had been fully cognizant of her obligations under the visitation order, declared that she had acted in "contumacious disregard" of the order by refusing to allow the father to exercise his visitation rights. Further, the order noted that her removal of the child from New Jersey without the father's permission violated state law. See N.J. Stat. Ann. 9:2-2 (West 1979).
On July 20, 1981, six and one-half months after the mother left New Jersey for Florida with the child, the father requested the New Jersey court to grant him temporary custody. The next day, the attorney who had been representing the mother informed the court that he no longer considered himself to be representing her since he had not heard from her in more than four months. The court rendered a modification order on August 24, 1981, which awarded the father temporary custody.
The mother petitioned the Circuit Court for Hillsborough County on September 30, 1981, for a determination of custody under the Act. The court granted her motion for a temporary injunction of the New Jersey court's modification custody order pending a determination of the propriety of that order under the Act. The father answered and moved to dismiss the petition, requesting that the court decline to exercise jurisdiction and return jurisdiction to the New Jersey court. Prior to conducting a hearing on the custody matter, the court rendered orders which awarded the mother temporary custody of the child, granted the father temporary visitation rights, and directed the father to pay $25 per week in temporary child support.
The circuit court held a hearing on the custody issue in January 1982. Thereafter, it filed an order which granted the father's motion to dismiss the mother's petition. However, the order denied his request for enforcement of the New Jersey court's modification custody order. Lastly, the order provided that the circuit court's previous orders, as they related to visitation rights and support only, would remain in effect. The order specifically found that the purposes of the Act would have been defeated if it had taken jurisdiction of the mother's petition; that there was a pending proceeding in New Jersey regarding the issues of custody and visitation rights; and that the mother's conduct in bringing the child to Florida prevented it from acting any further on her petition. Further, at the hearing the court had found that the mother had affirmatively prevented the New Jersey court from providing her with notice while she was in Florida.
*1062 On cross-appeal, the mother asserts that the circuit court erred in declining to exercise jurisdiction under section 61.1308. We disagree.
In Florida, a competent court has jurisdiction to decide child custody matters under section 61.1308(1)(a), (b), (c), or (d).[1] The circuit court below clearly had jurisdiction under section 61.1308(1)(a)1, which reads:
61.1308 Jurisdiction. 
(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(a) This state:
1. Is the home state of the child at the time of commencement of the proceeding... .[2]
Although the circuit court had jurisdiction, the evidence before it revealed that the mother had not allowed the father to exercise his visitation rights while she was residing in New Jersey with the child. Further, the evidence demonstrated that she had removed the child from New Jersey without the father's knowledge or permission, in derogation of his visitation rights and in violation of New Jersey law.
Section 61.1318 provides in pertinent part:
61.1318 Jurisdiction declined by reason of conduct.

(1) If the petitioner for an initial decree has wrongfully taken the child from another state or has engaged in similar reprehensible conduct, the court may decline to exercise jurisdiction if this is just and proper under the circumstances.
(2) ... If the petitioner has violated any ... provision of a custody decree of another state,[3] the court may decline to exercise its jurisdiction if this is just and proper under the circumstances.
*1063 We believe that the mother's inexcusable conduct, by itself, was an adequate ground for the court to decline to exercise jurisdiction. Her conduct is just the type which the Act is designed to discourage. See § 61.1306(4), (5), (6) and (7).
Since the circuit court properly declined to exercise jurisdiction and determined that the New Jersey court had not relinquished jurisdiction, the father, proceeding one step further, argues on appeal that the court erred in not recognizing and enforcing the New Jersey court's modification custody decree pursuant to section 61.1328. We disagree.
Section 61.1328 states:
61.1328 Recognition of out-of-state custody decrees.  The courts of this state shall recognize and enforce an initial or modification decree of a court of another state which had assumed jurisdiction under statutory provisions substantially in accordance with this act, or which decree was made under factual circumstances meeting the jurisdictional standards of the act, so long as this decree has not been modified in accordance with jurisdictional standards substantially similar to those of this act. (Emphasis added.)
New Jersey, which adopted the Act in 1979, see N.J. Stat. Ann. 2A:34-28, et seq. (West 1979), authorizes a superior court to assume jurisdiction to decide child custody matters under 2A:34-31 a(1), (2), (3) or (4).[4] This statute is virtually identical to its Florida statutory counterpart, section 61.1308.[5]
We believe that the New Jersey court was not able to assume jurisdiction under 2A:34-31 a(1), (2), (3) or (4) in entering its modification custody decree. Apparently, it rendered the decree pursuant to its broad parens patriae jurisdiction, derived from the common law, case law and statutes. Cf. E. v. T., 124 N.J. Super. 535, 308 A.2d 41 (N.J.Super.Ct.Ch.Div. 1973). Of course, a court's parens patriae jurisdiction is not a statutory provision substantially in accordance with the Act. Moreover, we think that its decree was not entered under factual circumstances satisfying the jurisdictional standards of the Act. Hence, according to section 61.1328, the New Jersey court's order on custody is not entitled to full faith and credit in Florida.
The circuit court implicitly indicated in its final order that its earlier order granting the mother temporary custody pending the outcome of her petition was not to remain in effect. Thus, the court lacked a basis *1064 upon which to require in its final order that its earlier, related orders on temporary visitation rights and temporary child support were to remain in effect.
Regardless, as the father points out, the matters of child support and visitation rights were not before the circuit court at the custody hearing. A decree adjudicating issues not raised by the pleadings and not litigated by the parties during the hearing are voidable on appeal. Manning v. Varges, 413 So.2d 116 (Fla. 2d DCA 1982).
Accordingly, we reverse the portions of the circuit court's final order on child support and visitation rights but affirm all other portions. The New Jersey court's December 1980 order on visitation rights remains in effect. The matters of permanent custody and child support should be resolved before the New Jersey court.
AFFIRMED IN PART and REVERSED IN PART.
BOARDMAN and SCHEB, JJ., concur.
NOTES
[1] Section 61.1308, Fla. Stat. (1977), reads in its entirety:

61.1308 Jurisdiction. 
(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(a) This state:
1. Is the home state of the child at the time of commencement of the proceeding, or
2. Had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state;
(b) It is in the best interest of the child that a court of this state assume jurisdiction because:
1. The child and his parents, or the child and at least one contestant, have a significant connection with this state, and
2. There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;
(c) The child is physically present in this state and:
1. The child has been abandoned, or
2. It is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected; or
(d)1. It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraph (a) paragraph (b), or paragraph (c), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and
2. It is in the best interest of the child that a court of this state assume jurisdiction.
(2) Except under paragraph (c) or paragraph (d) of subsection (1), physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.
(3) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.
[2] "Home state" is defined as "the state in which the child, immediately preceding the time involved, lived with his parents, a parent or a person acting as parent for at least 6 consecutive months... ." § 61.1306(5), Fla. Stat. (1977). Here, the child had been living in Florida with the mother for nine consecutive months when the mother filed the petition for determination of custody.
[3] By definition, a "custody decree" includes a decree which establishes visitation rights. See § 61.1306(2) and (4), Fla. Stat. (1977). Hence, the New Jersey court's visitation order of December 1980 can be correctly labeled as a "custody decree."
[4] New Jersey Statutes Annotated 2A:34-31 (West 1979), reads in full:

2A:34-31. Jurisdiction of Superior Court
a. The Superior Court of the State of New Jersey has jurisdiction to make a child custody determination by initial or modification decree if:
(1) This State (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this State because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this State; or
(2) It is in the best interest of the child that a court of this State assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this State, and (ii) there is available in this State substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or
(3) The child is physically present in this State and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected; or
(4)(i) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this State is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.
b. Except under paragraphs (3) and (4) of subsection a., physical presence in this State of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this State to make a child custody determination.
c. Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.
[5] See footnote 1.