PER CURIAM.
This is an appeal from an order permitting the wife to remove the child of the parties from this jurisdiction to Aruba, where the wife now resides. Appellant contends that Florida courts lack jurisdiction under the Uniform Child Custody Jurisdiction Act to enter such an order, and that it is in contravention of a California court order. We affirm.
In 1982, the wife initiated dissolution proceedings in Broward County. The trial judge temporarily awarded the wife sole custody of the couple’s five year old child, however, the husband disappeared with the child. In the final judgment of dissolution, the court determined that it had jurisdiction over the parties. The judgment noted that the husband had removed the child through false pretenses and had refused to disclose the child’s whereabouts. The court enjoined the husband from removing the child from Florida, and awarded custody to the wife. The court specifically reserved jurisdiction to enforce the order.
In 1983, the husband, who had taken the child to Italy, instituted an action in that country for her custody. The wife appeared personally, and was allegedly awarded custody. (The orders are not translated; however, the husband does not refute this fact.) The husband fled to Florida, where he and the child resided until the spring of 1984. He then moved to California with the child. During the hearing below, the wife’s attorney reported, without contradiction by counsel for the husband, that when he and the wife went to Italy, the husband signed for the receipt of the papers from the Florida proceedings.
In 1986, the authorities located the child in California, and returned her to Florida pursuant to warrants issued in this state. *1032 Earlier, the husband had filed in California a “Declaration Under Uniform Custody of Minors Act.” The husband indicated on the declaration that he had not participated in any other litigation of custody in another state, that he had no information of any custody proceeding, and that he did not know of any person entitled to custody of the child.
The trial court in California ruled that the wife could not remove the child from the United States. The wife filed in Bro-ward County Circuit Court a motion for an emergency hearing on the removal of the child from the United States. At the Florida hearing, the judge stated that he had a “hard time ... thinking that this court ever lost jurisdiction over this child when the child appears to have been taken from the court’s jurisdiction under some arrangement that was never approved by the court ... He had no rights to keep the child, and you can’t, in my opinion, keep a child under these conditions and establish then a jurisdiction in another place where you have kept the child.” The trial judge also pointed out that since custody was entered in favor of the mother in 1982, the court had been trying to enforce the order “every time that any information could be gathered about the location of Mr. Pace and the child.” The trial court thus found that it had jurisdiction over the child.
Florida is the child's home state under the statute. Neither party in this action is seeking an initial adjudication nor modification of custody. Jurisdiction was always in Florida, but the judgment could not be enforced until the child was found and returned.
The father took the child without the mother’s knowledge or permission, and lived in two different states and a foreign country in order to avoid detection. In Zuccaro v. Zuccaro, 407 So.2d 389, 390-391 (Fla. 3d DCA 1981), the court stated that “[t]he implementation of a strong public policy against the pernicious and immensely damaging practice of child snatching ... was one of the primary and underlying reasons for the very existence of the Uniform Child Custody Jurisdiction Act and its adoption in our state.” Section 61.1304(5), Florida Statutes, expressly states that one of the act’s general purposes is to deter abductions and other unilateral removals of children undertaken to obtain custody awards. The court in Zuccaro stated that since the order below vindicated this “salutary statutory purpose”, that factor alone was sufficient to demonstrate the order’s propriety. See Mondy v. Mondy, 428 So.2d 235 (Fla.1983); Barnes v. Ostrander, 450 So.2d 1253 (Fla. 2d DCA 1984); Gligorijevic v. Gligorijevic, 427 So.2d 1060 (Fla. 2d DCA 1983); Bias v. Bias, 374 So.2d 64 (Fla. 3d DCA 1979). The cases cited by the husband, in which the children were brought into Florida from states having jurisdiction, where the parent had legitimate custody, are inapposite. See Findley v. Findley, 441 So.2d 1166 (Fla. 2d DCA 1983); Hegler v. Hegler, 383 So.2d 1134 (Fla. 5th DCA 1980).
The parties were married in Florida, and raised their child here. The divorce and custody award occurred in Florida. The father’s success in secreting the child for so long should not be rewarded by a change in forum. The order of the trial court is affirmed.
HERSEY, C.J., and WALDEN and STONE, JJ., concur.