PER CURIAM.
This is an appeal from an order of the circuit court which declined to enforce a modification of custody decree entered in North Carolina. The appellant, the maternal grandmother of the minors who are the subject of the custody decree, obtained an order in North Carolina pursuant to the *183 North Carolina version of the Uniform Child Custody Jurisdiction Act [hereinafter the Act], The order changed custody from the natural mother of the children to the maternal grandmother where the custody had been awarded the mother in a dissolution action ten months earlier.
The issue before the trial court was whether the North Carolina court had jurisdiction to modify custody. § 61.1328, Fla. Stat. (1989). The court held that it would not enforce the North Carolina judgment because it was not entered under jurisdictional standards substantially in conformity with the Act. The court determined that substituted service by publication in North Carolina was not perfected. We find there was sufficient evidence to support this ruling and, accordingly, affirm the order except in one respect: We vacate that portion of the order determining that custody be awarded the mother. That issue was not raised by the pleadings nor litigated by the parties. Gligorijevic v. Gligorijevic, 427 So.2d 1060, 1064 (Fla. 2d DCA 1983). Our disposition leaves the parties in their respective positions under the custody provisions of the dissolution decree entered in North Carolina in January 1989.
Affirmed.
DANAHY, A.C.J., and LEHAN and ALTENBERND, JJ., concur.