PER CURIAM.
We affirm the corrected final judgment of dissolution of marriage in part, and reverse in part. We agree with appellant that trial courts should determine all matters regarding child custody in accordance with the best interests of the child, defined to “include an evaluation of all factors affecting the welfare and interests of the child.” § 61.13(3), Fla.Stat. (1993). Here the former wife has no basis to complain about the scope of the inquiry, however, since the trial court granted her requests regarding parental responsibility, primary residence, and visitation. The minor child remains, moreover, under the protective aegis of the trial court which can modify its award if circumstances require. § 61.13(2)(c), Fla.Stat. (1993).
The trial court erred in restricting the former wife’s ability to relocate, because *338 the issue of relocation was not raised by the pleadings nor litigated. “A decree adjudicating issues not raised by the pleadings and not litigated by the parties during the hearing [is] voidable on appeal.” Gligorijevic v. Gligorijevic, 427 So.2d 1060, 1063 (Fla. 2d DCA 1983) (reversing the portions of the circuit court’s order regarding child support and visitation rights). See also Wallace v. Wallace, 606 So.2d 504 (Fla. 4th DCA 1992) (reversing the portion of the lower court’s order that required the former husband to bring the rent and utility payments current where such relief was not requested and evidence was not submitted on the issue); Rusher v. Rice, 573 So.2d 182 (Fla. 2d DCA 1991) (vacating the portion of the trial court’s order declining to enforce a modification of custody decree entered in North Carolina that awarded custody to the mother where “[t]hat issue was not raised by the pleadings nor litigated by the parties”).
Paragraph five of the corrected final judgment which contains the restriction on relocation is accordingly reversed. See Mize v. Mize, 621 So.2d 417 (Fla.1993) (assuming that a “final judgment incorporating] a prohibition against the relocation of the child ... reflect[s] that the issue was litigated”). The corrected final judgment of dissolution of marriage is otherwise affirmed.
BOOTH, JOANOS and BENTON, JJ., concur.