724 So.2d 1255 (1999)
Frederick J. KEITEL, III, Appellant,
v.
Diane De La Begassiere KEITEL, Appellee.
Nos. 97-0748, 97-1112, 98-1748.
District Court of Appeal of Florida, Fourth District.
January 27, 1999.
*1256 Cynthia L. Greene of Law Offices of Cynthia L. Greene, P.A., Miami, and Frederick J. Keitel, III of Law Offices of Keitel & Keitel, P.A., Palm Beach, for appellant.
Joel M. Weissman, Stephanie A. Russo and Denise S. Calegan of Weissman & Yaffa, P.A., West Palm Beach, for appellee.
PER CURIAM.
We sua sponte consolidate case number 98-1748 with consolidated appeals 97-0748 and 97-1112. These appeals arise out of the child custody and visitation provisions of the final judgment of dissolution and two related post judgment orders.[1] In case number 97-0748, Frederick J. Keitel, III ("appellant") appeals from the final judgment and contends that the trial court erred when it awarded primary residential custody to Diane De La Begassiere Keitel ("appellee") and provided for visitation based on a standard schedule. In case number 97-1112, he appeals a post-trial order entered on rehearing in which the trial court vacated the relocation paragraph from the final judgment. In case number 97-1748, a non-final appeal, he appeals the trial court's order requiring him to pick up and deliver the child at appellee's residence in New York. We affirm.
The parties were married on November 28, 1992, and separated in July, 1995. They have one child of the marriage, born on August 12, 1995. At the final hearing, appellant asked the court to provide in its final judgment that the child not be removed from the county except by court order. Appellee objected because the issue was not pled nor litigated. The court stated, "She cannot move out of the tri-county area without court permission, that's all I am saying."
In the final judgment, the trial court awarded custody of the parties' child to appellee. The court found that she "is more likely to mature in her parenting to the benefit of [the child] than the father" and ordered that she be the primary residential parent. The trial court granted appellant visitation as provided in a schedule attached to the judgment. The visitation schedule, if the parties could not agree otherwise, provided in part,
LOCATION OF PICK UP AND DROP OFF:
Unless agreed to by the parties, pick up and return of the child shall be at the custodial parent's home. However, once [the child] attends school he may be picked up and returned on any visitation date (where school is in session) at the school facility. The time of pick up and delivery shall be altered to reasonably relate to the child's school requirements and activities.
The court also included a relocation provision in the final judgment:
By agreement of the parties reached at trial, the primary residential parent shall not relocate [the child]'s permanent residence outside of Palm Beach, Martin, or Broward Counties without agreement of the parties or Court Order. A request for any permanent relocation shall be reviewed by the Court in accordance with the law in effect at that time.
Appellee moved for rehearing and argued that the final judgment misstated the stipulation of the parties as to the visitation schedule, *1257 relocation, religion, and school. On March 12, 1997, the trial court granted appellee's motion and vacated the relocation paragraph from the final judgment.
On May 8, 1998, the trial court held another hearing on various visitation motions and ordered as follows:
1. That the Former Husband shall continue to have the right to visit with his son through and including May 14, 1998 at 8:30 a.m.
2. The Former Husband shall return the child to the Former Wife, at her address in New York City, on or before 8:30 a.m. on May 14, 1998.
3. That the Former Wife shall not unilaterally deny the Former Husband the right to visitation pursuant to the schedule that was previously adopted by the court order under any pretext, including but not limited to the fact that she has decided to visit family or friends in some other part of the country.... Specifically, under the terms of this Court's previous order, the Court wants both parties to understand that the pickup and deliver[y] of the child shall occur at the Wife's residence in New York City pending further order of this Court....
Appellant first argues that the trial court abused its discretion when it awarded primary residential custody to appellee. "The party who seeks to challenge a trial court's initial custody decision in a contested custody case carries a heavy burden. Where the testimony is in conflict, the trial court must resolve all factual disputes." Keesee v. Keesee, 675 So.2d 655, 656 (Fla. 5th DCA 1996). The record must be read in the light most favorable to the prevailing party, and the trial court must disregard any conflicting evidence counter to her position. Id. We hold that the record contains competent, substantial evidence supporting the trial court's decision to award primary residential custody to appellee. Gardner v. Gardner, 545 So.2d 339, 340 (Fla. 4th DCA 1989).
Next, appellant argues that the trial court erred by providing a "standard visitation schedule." "[I]n matters of child visitation, the trial court is not bound by any stipulation or agreement. Moreover, the creation of a visitation schedule is within the discretion of the trial court." Lewis v. Lewis, 665 So.2d 322, 324 (Fla. 4th DCA 1995) (citations omitted); see also Lane v. Lane, 599 So.2d 218, 219 (Fla. 4th DCA 1992). The trial court may properly impose a standard visitation order rather than a stipulated visitation schedule. Kelley v. Kelley, 656 So.2d 1343, 1346 (Fla. 5th DCA 1995). The trial court has great discretion in creating a visitation schedule, and in this case, appellant failed to demonstrate an abuse of discretion.
Third, appellant argues that the trial court abused its discretion when it vacated the relocation paragraph from the final judgment. Appellee contends that the court did not abuse its discretion because the issue of relocation was neither pled nor litigated. When a request for relief is not requested in the pleadings, nor supported by evidence adduced at a hearing, it is error to award relief on such an issue. Wallace v. Wallace, 605 So.2d 504, 505 (Fla. 4th DCA 1992). In Dillingham v. Dillingham, 667 So.2d 337, 337-38 (Fla. 1st DCA 1995), the court stated, "The trial court erred in restricting the former wife's ability to relocate, because the issue of relocation was not raised by the pleadings nor litigated." Here, at the hearing, the court stated, "You have to understand, they did not plead this and unless you have an agreement, there is nothing for me to decide.... It is not a stipulation and I can't, without agreement of the parties, put it in there by law." We hold that because the issue of relocation was neither pled nor litigated, the trial court did not abuse its discretion when it vacated that paragraph from the final judgment. See also Rusher v. Rice, 573 So.2d 182, 183 (Fla. 2d DCA 1991)(vacating the portion of the trial court's order determining that custody be awarded to the mother because that issue was not raised by the pleadings nor litigated by the parties).
Finally, in the non-final appeal, appellant contends that the trial court lacked jurisdiction to consider custody and visitation issues addressed in the May 8, 1998 order. He argues that the entry of the instant order interfered with subject matter on appeal because it rests upon a determination that the final judgment requires appellee to reside in or near Palm Beach. Appellee correctly *1258 points out that because the trial court vacated the relocation paragraph from the final judgment, she was not prohibited from relocating with the child; the May 8, 1998 order simply enforces the terms of the visitation schedule that requires the pick up and return of the child at the custodial parent's home. We hold that the court's order did not modify the final judgment's terms because there was no restriction on relocation set forth in the final judgment. We also hold that because the trial court retained jurisdiction under rule 9.600(c), Fla. R. App. P., and the order does not interfere with the appellate proceedings, the trial court properly considered those issues.
AFFIRMED.
DELL, FARMER, and SHAHOOD, JJ., concur.
NOTES
[1] This dissolution action also resulted in six other now concluded appeals: In case number 95-4304, the wife appealed from the trial court's order granting temporary shared parental responsibility; in case number 96-1664, the wife petitioned for a writ of prohibition seeking disqualification of the trial judge; in case number 96-2425, the husband appealed from an order requiring him to pay expert witness fees; in case number 96-3880, the wife appealed the equitable distribution in the amended final judgment; case number 97-0022 was sua sponte dismissed for lack of prosecution; and in case number 97-4374, the wife appealed the trial court's order finding her in contempt.