NORTHCUTT, Judge.
 

 Lawrence J. Smith, IV, appeals a final summary judgment modifying his divorce judgment and ordering him to make monthly child support payments to his former wife, Sharlene Smith. We reverse because this case involved disputed issues of material fact, making it inappropriate for summary judgment.
 

 The Smiths have one child. Their 2007 divorce judgment incorporated a marital settlement agreement requiring Mr. Smith to shoulder almost total financial responsibility for the child, given what was described as the disparity in the Smiths’ incomes and the additional expenses Ms. Smith was undertaking to satisfy certain conditions precedent to her visitation, which we will discuss below. Ms. Smith agreed to provide the child’s health and dental insurance.
 

 The child’s primary residence was assigned to Mr. Smith, and a visitation schedule was established for Ms. Smith. The visitation schedule contemplated substantial timesharing in that the child would spend at least forty percent of the overnights with Ms. Smith. However, the visitation was subject to significant provisos. It was conditioned on Ms. Smith’s submission to a psychological evaluation and to ongoing psychological or psychiatric counseling. Further, any in-home or overnight visitation was conditioned on frequent, satisfactory inspections of Ms. Smith’s home.
 

 In the year following the divorce, Mr. Smith petitioned for modification of the judgment to require Ms. Smith to pay child support. He alleged a substantial change of circumstances in that he had suffered a serious injury that caused a drastic reduction in his income. He also alleged that the child’s needs had increased and that Ms. Smith’s financial circumstances had improved. In a responsive pleading, Ms. Smith asserted that
 
 she
 
 was entitled to receive child support after the child support guidelines were adjusted for substantial timesharing. Ms. Smith filed a motion for summary judgment, which was heard by a hearing officer. Over Mr. Smith’s objections, the hearing officer recommended granting the motion and directing Mr. Smith to pay monthly child support of $182 to Ms. Smith based on the child support guidelines as adjusted for substantial timesharing. The circuit court entered the final summary judgment as recommended and later denied Mr. Smith’s motion to vacate.
 

 Summary judgment is permitted only when the moving party has demonstrated that there are no disputed issues of material fact and that the moving party is entitled to judgment as a matter of law.
 
 Holl v. Talcott,
 
 191 So.2d 40 (Fla.1966). Ms. Smith did not meet her burden in this case.
 

 The summaiy judgment at issue here was premised on section 61.30(ll)(b), Florida Statutes (2009), a subsection of the child support guidelines statute. It provides that when a parenting plan calls for a child to spend a “substantial amount of time” with each parent, the guidelines child support shall be adjusted according to a formula set forth in the subsection. § 61.30(ll)(b)(l)-(6). For purposes of this statute, “ ‘substantial amount of time’ means that a parent exercises visitation at least 40 percent of the overnights of the year.” § 61.30(ll)(b)(8). Ms. Smith maintained that she was entitled to summary judgment because it was undisputed that the parties’ dissolution judgment provided
 
 *930
 
 for her to have the child for more than 40 percent of the overnights of the year and the guidelines support adjustment contemplated by section 61.30(ll)(b) is mandatory.
 

 Mr. Smith filed an extensive sworn response in opposition to the motion. At the hearing, Mr. Smith’s counsel strenuously argued that the case was not appropriate for summary judgment, pointing out that the child support statute “has myriad exceptions and grounds for deviations” that the court should “sort through and untangle in a trial.” Among other things, Mr. Smith pointed out that under the final judgment Ms. Smith’s visitation was subject to stringent conditions precedent. He alleged that, in the fifteen months since the divorce, Ms. Smith for the most part had failed to meet the conditions and consequently she had exercised very few overnight visitations with the parties’ child. He also alleged that Ms. Smith currently was not in compliance with the conditions, and he offered a third-party inspection report as proof.
 

 Nevertheless, the hearing officer apparently accepted Ms. Smith’s argument that her history of failing to exercise overnight visitation was immaterial. We disagree.
 

 Granted, the statute contemplates that the support adjustment is to be based on the parenting schedule as it is set forth in the visitation order; a parent’s subsequent failure to actually exercise the amount of overnight visitation that has been ordered is ground for retroactively modifying the adjusted support. § 61.30(ll)(c);
 
 Keeley v. Keeley,
 
 899 So.2d 387 (Fla. 2d DCA 2005). But the statute also contemplates that a party’s entitlement to the adjustment is not absolute. As Mr. Smith’s counsel pointed out to the hearing officer, and to the circuit court in the motion to vacate, the child support statute contains numerous grounds for deviating from the presumptive support award under the guidelines. These are incorporated in the subsection governing adjustment for substantial timesharing. It provides that
 

 [t]he court may deviate from the child support amount calculated pursuant to subparagraph 6. based upon the deviation factors in paragraph (a), as well as the obligee parent’s low income and ability to maintain the basic necessities of the home for the child, the likelihood that either parent will actually exercise the time-sharing schedule set forth in the parenting plan granted by the court, and whether all of the children are exercising the same time-sharing schedule.
 

 § 61.30(ll)(b)(7).
 

 The referenced paragraph (a) contains a list of factors that can justify a deviation from the standard guidelines child support amount. By virtue of the foregoing provision, the listed factors can also justify a deviation from the adjusted child support award calculated under section 61.30(ll)(b). Based on the record before the lower court, some of those factors might well have been implicated in this case. Two in particular are:
 

 10.
 
 The particular parenting plan,
 
 such as where the child spends a significant amount of time, but less than 40 percent of the overnights, with one parent,
 
 thereby reducing the financial expenditures incurred by the other parent;
 
 or the refusal of a parent to become involved in the activities of the child.
 

 11.
 
 Any other adjustment which is needed to achieve an equitable result
 
 which may include, but not be limited to, a reasonable and necessary existing expense or debt. Such expense or debt may include, but is not limited to, a reasonable and necessary expense or
 
 *931
 
 debt which the parties jointly incurred during the marriage.
 

 § 61.30(ll)(a) (emphases supplied).
 

 Under the parenting plan in this case, the time that the parties’ child would spend with Ms. Smith was speculative; it would depend entirely on her willingness and ability to satisfy significant advance conditions. Given the expense Ms. Smith was apt to incur attempting to meet those conditions, she was relieved of any support obligation other than to furnish the child’s health and dental insurance. Correspondingly, Mr. Smith undertook virtually all other expenses associated with the child’s rearing. In consideration of that and, certainly, of the real possibility that Mr. Smith would be financially responsible for the lion’s share of the child’s overnights, the parties’ agreement assigned him no responsibility to pay child support to Ms. Smith.
 

 The circuit court approved the Smiths’ agreement and incorporated it in their 2007 dissolution judgment. From this we must assume that the court considered the arrangement to be an equitable deviation from the child support award called for under the guidelines, whether calculated in the usual manner or as adjusted for substantial timesharing under subsection (ll)(b). Nothing in the record suggests that, other than as affected by Mr. Smith’s alleged injury and loss of income (which allegations must be accepted as true for these purposes), those equitable factors did not still obtain at the time of the hearing on Ms. Smith’s motion for summary judgment.
 

 To the contrary, in response to the motion for summary judgment, Mr. Smith submitted sworn proof that at least one of those considerations — the possibility that Ms. Smith would not or could not comply with the conditions imposed by the agreement such that her hoped-for overnight visitation schedule would not be achieved — had been borne out in the months since the dissolution judgment and that she persisted in her noncompliance. Ms. Smith’s assertion that her dismal visitation performance was of no moment when adjusting for substantial timesharing was simply wrong. Subsection (ll)(b) plainly states that the court may deviate from an adjusted child support award in light of “the likelihood that either parent will actually exercise the time-sharing schedule set forth in the parenting plan granted by the court.” § 61.30(ll)(b)(7). Obviously, the record evidence of Ms. Smith’s historical and continuing failure to accomplish what she needed to do in order to exercise overnight visitation with her child bore directly on this question. Just as obviously, it should have defeated her motion for summary judgment.
 

 Insofar as the judgment established the specific amount Mr. Smith was ordered to pay, it was erroneous in another respect. The hearing officer’s child support calculation was based solely on financial affidavits, notwithstanding Mr. Smith’s protestations that Ms. Smith had failed to make complete financial disclosures and the fact that her financial claims were significantly impeached in Mr. Smith’s sworn filings in opposition to the motion for summary judgment. As Mr. Smith argued to the hearing officer and to the circuit court, there were substantial issues of material fact regarding the income and expense figures that were to be used to calculate support under the guidelines, precluding summary judgment.
 

 Reversed and remanded for further proceedings.
 

 WHATLEY and KHOUZAM, JJ., Concur.