NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| MARK QUINN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D14-3306 |
| | ) | |
| STOYNA QUINN, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

Opinion filed July 10, 2015.

Appeal from the Circuit Court for Pinellas
County; John A. Schaefer, Judge.

Mark Quinn, pro se.

Ingrid Anderson, Clearwater, for Appellee.


CASANUEVA, Judge.

Mark Quinn, the former husband, appeals a final judgment of dissolution of marriage, raising objections to the calculation of child support and the equitable distribution scheme. We find no merit in Mr. Quinn's arguments regarding equitable distribution, the calculation of Ms. Quinn's income, or the amount of child support arrearages owed by Mr. Quinn. However, an error on the face of the judgment requires reversal as to the child support calculation.

In this case, the parties failed to arrange for a recording of the trial and our record contains neither a transcript nor a stipulated statement in lieu of the transcript.[1] Thus, our review is limited to errors that occur on the face of the final judgment. See Wilcox v. Munoz, 35 So. 3d 136, 139 (Fla. 2d DCA 2010).

This court has stated that "[t]he appellant has the burden of providing a proper record to the reviewing court, and the failure to do so is 'usually fatal' to the appellant's claims. Without such a record, it will ordinarily be impossible for the appellant to establish that an asserted error is harmful." Esaw v. Esaw, 965 So. 2d 1261, 1264-65 (Fla. 2d DCA 2007) (citation omitted). In Esaw, the final judgment of dissolution of marriage lacked findings of fact required to support the alimony award and equitable distribution scheme. Id. at 1264. We were constrained to affirm the final judgment because the appellant failed to provide a transcript of the trial or a stipulated statement, and she thus failed to demonstrate harmful error. Id. at 1265.

> However, this court has recognized that
>
> child support is different than alimony or equitable distribution. "Child support 'is not a requirement imposed by one parent on the other; rather it is a dual obligation imposed on the parents by the State.' " Serio v. Serio, 830 So. 2d 278, 280 (Fla. 2d DCA 2002) (quoting Armour v. Allen, 377 So. 2d 798, 800 (Fla. 1st DCA 1979)). The right to child support belongs to the child, and it cannot be waived by parents. Id.

Wilcox, 35 So. 3d at 138 (distinguishing Esaw and declining to extend it to cases involving awards of child support); see C.J.E. v. S.D.A., 79 So. 3d 229 (Fla. 2d DCA

---

[1]See Fla. R. App. P. 9.200(b)(4).

2012) (reversing and remanding for the court to recalculate child support where error was apparent on the face of the judgment).

Mr. Quinn argues that the child support award is erroneous because it is not calculated based on the number of overnights the children will spend with him pursuant to the parenting plan, resulting in an increased amount of support owed by him. When a parenting plan provides that the children will spend a "substantial amount of time" with each parent, defined as at least twenty percent of the overnights per year, the award of child support should be adjusted as set forth in section 61.30(11)(b), Florida Statutes (2013), requiring calculation based in part on the percentage of overnights the children spend with each parent. § 61.30(11)(b). The statute presumptively establishes the amount of child support the court should award in each case. See § 61.30(1)(a).

However, in calculating child support pursuant to section 61.30(11)(b), the court may deviate from the presumptive amount based on numerous factors, including

> the obligee parent's low income and ability to maintain the basic necessities of the home for the child, the likelihood that either parent will actually exercise the time-sharing schedule set forth in the parenting plan . . . and whether all of the children are exercising the same time-sharing schedule.

§ 61.30(11)(b)(7); see also § 61.30(11)(a); Smith v. Smith, 45 So. 3d 928, 930 (Fla. 2d DCA 2010) ("[T]he child support statute contains numerous grounds for deviating from the presumptive support award under the guidelines."). If the trial court wishes to deviate from the presumptive amount by more than five percent, the final judgment must include findings of fact to support the deviation and "explain why the guidelines amount is unjust or inappropriate." Wilcox, 35 So. 3d at 139 (citing § 61.30(1)(a)); see also

Pridgeon v. Pridgeon, 632 So. 2d 257, 260 (Fla.1st DCA 1994) ("The statutory provisions concerning imputed income and adjustments 'for a particular shared parental arrangement' offer flexibility to the trial court, but since ultimately the welfare of a small child is at stake, the court's utilization of these provisions should be elucidated.").

In this case, the parenting plan attached to the final judgment provides for 260 overnights with Ms. Quinn and 105 overnights with Mr. Quinn. However, the child support guidelines worksheet attached to the final judgment states the number of overnights as 292 with Ms. Quinn and 73 (twenty percent) with Mr. Quinn. The resulting payment owed from Mr. Quinn is stated as $402.29, based on 73 overnights. There are no findings in the final judgment discussing the discrepancy between the parenting plan and the child support guidelines worksheet.

While several factors allowing for deviation of the child support amount may have been present in this case, the final judgment does not reflect a deviation based on consideration of these factors. Though the trial court stated in the final judgment that Mr. Quinn was "underemployed and is capable of earning greater than his current unemployment income," neither the final judgment nor the child support guidelines worksheet reflects an imputation of income to Mr. Quinn. Rather, the worksheet reflects a number of overnights attributed to each parent that contradicts the number of overnights ordered in the parenting plan with no explanation for the discrepancy. This error on the face of the judgment requires us to reverse and remand for recalculation of the award of child support and for further findings, should the trial court decide to deviate. We affirm the final judgment in all other respects.

Affirmed in part, reversed in part, and remanded.


SILBERMAN and LaROSE, JJ., Concur.