# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-5011
_____

ADRIENNE SWEARINGEN,

Appellant,

v.

CHRISTOPHER SWEARINGEN,

Appellee.

_____

On appeal from the Circuit Court for Okaloosa County.
John Jay Gontarek, Judge.

September 5, 2018

PER CURIAM.

Adrienne Swearingen appeals a final judgment supplementing the parenting plan set forth in the previous marital settlement agreement approved by the court in 2013. Among other deficiencies, the previous plan failed to provide a time-sharing arrangement between the parties, or to specify the time that their minor son would spend with each parent. Disputes arose regarding time-sharing and other parenting matters, which led to Christopher Swearingen's petition for modification.

We find no legal error in the trial court's decision to supplement the previous parenting plan given its omission of a time-sharing schedule and provisions addressing the parties' communication rights with their child. Section 61.13(2)(b)2.,

Florida Statutes (2016), requires "at a minimum" that parenting plans "include the time-sharing arrangements that specify the time that the minor child will spend with each parent." The supplemental final judgment fixes this fundamental problem with the prior order.

We agree with Ms. Swearingen, however, that the new plan contains errors that must be fixed. There is a discrepancy in the amount of time the child spends with each parent. In the child support guidelines worksheet used by the court, Ms. Swearingen has 287 overnights per year and Mr. Swearingen has 78 overnights. The incorporated parenting plan has Ms. Swearingen at 303 overnights and Mr. Swearingen at 62 overnights. The number of overnights set forth in the worksheet is incorrect, similar to *Quinn v. Quinn*, 169 So. 3d 268 (Fla. 2d DCA 2015), where there was also no accounting for the discrepancy. Thus, as in *Quinn*, we reverse and remand for recalculation of the child support award, or for further findings should the trial court decide to deviate.

The final judgment is otherwise affirmed. We do not read the parenting plan to require the child to change schools in Florida away from where Ms. Swearingen teaches. If it did, it would be erroneous without a request or record basis for changing the child's school (Mr. Swearingen currently resides in New Mexico). *See Dillingham v. Dillingham*, 667 So. 2d 337, 338 (Fla 1st DCA 1995) (adjudicating issues not raised by the pleadings and not litigated during the hearing is voidable on appeal). We also do not reach the unresolved issues involved with the Ms. Swearingen's later-filed motion for contempt/enforcement of the initial parenting plan, because the trial court has not yet ruled on this motion.

AFFIRMED in part, REVERSED in part, and REMANDED.

B.L. THOMAS, C.J., and OSTERHAUS and BILBREY, JJ., concur.

———————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————————

Mallory R. Bennett, Tallahassee, for Appellant.

No appearance for Appellee.