379 So.2d 964 (1979)
Tony DAMICO and Josephine Damico, His Wife, Appellants,
v.
Wayne William LUNDBERG, Appellee.
No. 78-1442.
District Court of Appeal of Florida, Second District.
June 29, 1979.
On Rehearing November 7, 1979.
*965 Mac A. Greco, Jr., Tampa, for appellants.
Chris W. Altenbernd of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for appellee.
PER CURIAM.
Affirmed.
BOARDMAN, Acting C.J., and SCHEB and OTT, JJ., concur.

ON MOTION FOR REHEARING
OTT, Judge.
In this automobile negligence action the circuit court, acting under the authority of Section 627.7262, Florida Statutes, dismissed defendant's liability insurance carrier. The action then proceeded to trial on the merits and resulted in a defense verdict. The Florida Supreme Court has now ruled that Section 627.7262 is an unconstitutional intrusion upon that court's rule-making power. Markert v. Johnston, 367 So.2d 1003 (Fla. 1979). As appellants urged on this appeal, and now on petition for rehearing, the action of the circuit court in ordering such dismissal was undeniably erroneous.
Appellants further insist that such error was prejudicial per se, automatically requiring reversal if properly contested, and cite Godshall v. Uniguard Insurance Co., 281 So.2d 490 (Fla. 1973) as authority for that proposition.
We are not unmindful of Godshall, but we do not believe that by it our supreme court meant to abrogate the cardinal principle of appellate review: error is reversible only when, considering all the facts peculiar to the particular case under scrutiny, it is reasonably probable that a result more favorable to the appellant would have been reached if the error had not been committed. 3 Fla.Jur.2d 499; Stecher v. Pomerory, 253 So.2d 421, 422 (Fla. 1971).
Here, no amount of emphasizing the financial responsibility of the defendant could counteract plaintiff husband's admission that he entered the intersection in which the collision occurred without knowing whether the traffic light was red or green, because he and his wife were talking and he was not paying attention to the light. Supplementing that damaging admission was the positive testimony of the defendant, the driver of the vehicle immediately behind the defendant, and the driver of a vehicle which had been stopped waiting for the light to change, that defendant entered the intersection on a green light.
That, together with the facts revealed to the jury concerning the relative economic positions of the parties (plaintiffs being elderly, retired and not in the best of health, while defendant was younger, steadily employed and was returning home from a golf match at the time of the accident), prevent us from speculating that the jury might have found liability on the part of the defendant if they had known he was insured. Even had that information been added, the state of the evidence was such that a verdict for appellants would have been incredible. We simply do not feel that reversible error was made to appear.
The order of dismissal and judgment are affirmed.
BOARDMAN, Acting C.J., and SCHEB, J., concur.