442 So.2d 257 (1983)
David G. WALTER, Appellant,
v.
Marilyn WALTER, Appellee.
No. 82-666.
District Court of Appeal of Florida, Fifth District.
November 10, 1983.
*258 Jeff B. Clark, of Clark & Hardy, P.A., Orlando, for appellant.
Michael R. Walsh, Orlando, for appellee.
DAUKSCH, Judge.
This is an appeal from an order modifying a final judgment in a marriage dissolution case. We find no error in the award of the right of exclusive occupancy of the house and the required mortgage and other maintenance expenses concerning the house. Even though this house is the separate property of the appellant it was proper for the court to make the awards as "incidents to child support."
Permanent alimony was awarded to appellee and that was error because the evidence clearly reveals that appellee has earned a substantial income in the past and is not incapable of earning her own income now. In 1981, the last calendar year before the dissolution, appellee earned over $15,000; she has worked as a waitress, a restaurant manager and a telex operator. The original dissolution judgment was entered in 1972 and because appellant was unable to pay alimony at that time the court reserved jurisdiction to make a determination later. The fact that appellee was apparently able to support herself and contribute to the support of the children for those ten years is an indication she can continue to do so. Permanent alimony should be awarded where the evidence indicates the recipient must have help from the former spouse in order to maintain herself. If the former wife has the capacity to make her own way unassisted by her former husband, then courts cannot require the husband to pay alimony other than for rehabilitative purposes. Campbell v. Campbell, 432 So.2d 666 (Fla. 5th DCA 1983); Crees v. Crees, 342 So.2d 1014 (Fla. 4th DCA 1977); Roberts v. Roberts, 283 So.2d 396 (Fla. 1st DCA 1973). Permanent alimony should not be treated as a reward for having been a devoted and dutiful spouse.
It seems there has been a drifting away from strict definition and proper application of some legal terms in domestic relations law. In Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980) our supreme court found it advisable to again define the difference between special equity and doing *259 equity as those terms are used in domestic relations law. Perhaps it would be helpful for this court to say that an award of permanent alimony is proper where the evidence shows the lack of actual or potential capacity for self-support. The litigant requesting permanent alimony has the burden of proof on that issue and must also establish the opponent's ability to continue to provide that support. Unless that proof is evident, the trial court errs in granting permanent alimony. Of course, once permanent alimony is granted and it later comes to pass that there is a material change in circumstances, either in need for assistance or ability to pay, then the court must make an appropriate adjustment.
Should the proof be inadequate to support an award of permanent alimony then the court should consider rehabilitative alimony. Rehabilitative alimony is meant to provide assistance, limited in duration and amount, to enable the recipient to acquire or reacquire skills or education or training necessary for self-support. The benefits of rehabilitative alimony over permanent alimony are manifold. It is a financial crutch or leg-up and as an added benefit acts as a psychological aid by giving incentive for personal achievement. It can also help release the bonds of dependence and help in the acquiring of a feeling of greater self-worth. Permanent alimony while operating as a financial aid could have the opposite effect psychologically.
Permanent alimony, being a fixed and comparatively unadjustable form of alimony should be the last resort rather than the first. First the court should consider rehabilitative alimony. If rehabilitative alimony is awarded each party has an equal opportunity to have future adjustments. If the recipient confirms the trial judge's determination of an ability to become self-supporting then the alimony automatically ceases and everyone benefits and no further litigation is needed. However, if the recipient proves unable to become self-supporting then the rehabilitative alimony can be extended, or increased, or both; or converted to permanent alimony. When permanent alimony is the initial award then it is much more burdensome on the parties to make a change later, in terms of the burden of proof and amount of proof. Once instituted, permanent alimony is subject to modification upon showing a substantial change of circumstances. Canakaris, 1202.
Here the parties are the same age (he was 42, she 41 at the hearing), both in good health and both have the experience and ability to earn a living. No one knows how much and for how long appellee will need support from appellant but she should be given the incentive and the financial assistance to improve herself and become able to earn a substantial living. She has expressed a desire to do so; she wants to go to college.
The children are split between the parties and both parties apparently contribute in raising all the children. Neither party has substantial net worth and both have a spotted history of employment  sometimes working and sometimes not. Under all the circumstances it is apparent rehabilitative alimony should be awarded; then should appellee be unable to fully adjust after putting forth her best efforts then the court can consider raising the amounts or extending the term or even converting rehabilitative alimony to permanent alimony. On the other hand should appellee fulfill the expectations then the alimony automatically ceases and the court need not be involved ever again regarding alimony. As can be readily seen both parties and the court benefit by an initial award of rehabilitative alimony as opposed to permanent alimony. In sum, where alimony is indicated the court should first consider rehabilitative alimony and unless there is no question about the permanency of the inability to self-support then an appropriate period and amount of rehabilitative alimony should first be tried. Campbell v. Campbell, 432 So.2d 666 (1983, Fla. 5th DCA) and cases cited therein.
*260 The judgment as to alimony is reversed and the cause remanded for reconsideration in light of this opinion.
REVERSED and REMANDED.
ORFINGER, C.J., concurs.
SHARP, J., dissents with opinion.
SHARP, Judge, dissenting.
I dissent because the trial court's judgment falls within the ambit of discretion articulated in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). We therefore lack jurisdiction to rewrite it. Conner v. Conner, 439 So.2d 887 (Fla. 1983).
Although we might not have awarded permanent alimony in this case as an original proposition, the trial court's award comes to us with a presumption of correctness, and we should affirm it if there is a reasonable basis in the record to sustain it. Turner v. Turner, 383 So.2d 700 (Fla. 4th DCA 1980); Steinau v. Steinau, 343 So.2d 631 (Fla. 4th DCA 1977). I find no precedent to support the majority opinion's extraordinary inference that an award of permanent alimony comes to this court with a presumption of incorrectness, which the trial court and trial counsel must rebut or suffer reversal.
In this case, the marriage was of relatively short duration (seven years), the ex-wife was forty-one years old at the time of the hearing, and had an established work record. However, her work was exclusively for her husband's various restaurant businesses. He paid her two hundred dollars ($200.00) per week as his employee when she was working, and he paid her two hundred dollars ($200.00) per week when she stayed home with the three minor children. At the time of the final hearing, she had no job and no realistic prospects of even being able to earn two hundred dollars ($200.00) per month working as an employee for a disinterested employer. The trial court found that her vocational skills were such that she would probably not be completely self-supporting in the foreseeable future. Hurtado v. Hurtado, 407 So.2d 627 (Fla. 4th DCA 1981). In addition, she had custody of two of the parties' minor children, who would not become eighteen for six more years.
Even with the three hundred fifty dollars ($350.00) per month award of alimony in this case, the ex-wife will be required to work to support herself and her children at the level they had been living. Alimony which supplements the income of a working ex-wife has been approved in numerous cases. See, e.g., Greer v. Greer, 438 So.2d 535 (Fla. 2d DCA 1982); Landry v. Landry, 436 So.2d 353 (Fla. 1st DCA 1983); O'Neal v. O'Neal, 410 So.2d 1369 (Fla. 5th DCA 1982); Johnson v. Johnson, 386 So.2d 14 (Fla. 5th DCA 1980); McAllister v. McAllister, 345 So.2d 352 (Fla. 4th DCA 1977). "Being self-supporting is not necessarily the same as having employment or income." Fazli v. Fazli, 434 So.2d 1022 (Fla. 2d DCA 1983).
I would affirm.