697 So.2d 1295 (1997)
Ginvenzetta BURTON, Appellant,
v.
Gregory BURTON, Appellee.
No. 96-3615.
District Court of Appeal of Florida, First District.
August 19, 1997.
*1296 W. K. Lally, P.A., Jacksonville, for appellant.
No appearance by appellee.
WOLF, Judge.
Appellant, the former wife, appeals a final judgement of dissolution of marriage. Appellant seeks review of portions of the order involving child support, rehabilitative alimony, and life insurance. We find that the trial court abused its discretion in failing to award the amount of child support pursuant to the statutory guidelines or providing sufficient written reasons for departing from the guidelines and abused its discretion in reducing the amount of life insurance coverage stipulated to by the parties. We also cannot determine from the record why the trial court denied the request for rehabilitative alimony. We affirm the order in all other respects.
Appellee, the former husband, is employed by the Jacksonville Sheriff's Office. There was unrefuted evidence in the record that in addition to his salary, appellee also earned $18 an hour doing off-duty work. The husband averaged 30-35 hours in off-duty work. He testified at trial, however, that the Jacksonville Sheriff's Office has recommended that employees limit their off-duty work to 24 hours a month, and he felt that he would be limited to that amount in the future. It is unclear from the order whether this additional income was included in the husband's net income. Although the number of off-duty hours varies somewhat, the failure of the trial court to include the additional income for working at least 24 hours when determining the former husband's child support obligation constituted error. See Crowley v. Crowley, 672 So.2d 597, 600 (Fla. 1st DCA), rev. denied, 680 So.2d 421 (Fla.1996) (based on record, trial court should have included the smallest bonus that had been paid over husband's full four years with law firm rather than exclude bonus income entirely, reasoning there would be more speculation involved in excluding the bonus than by including the smallest amount).
If the trial court did include the off-duty income in calculating the former husband's child-support obligation, the amount awarded would constitute a downward deviation of more than five percent from the guidelines amount. The trial court was, therefore, required to make a written finding explaining why the guideline amount would be unjust or inappropriate. § 61.30(1)(a), Fla. Stat. (1995); see Reynolds v. Reynolds, 668 So.2d 245, 246-247 (Fla. 1st DCA 1996) (if variance is greater than five percent, court must include written findings of why statutory amount would be unjust or inappropriate).
Because the amount of the deviation from the statutory guidelines would be greater than five percent and because it is unclear whether the trial court included the off-duty income, we remand the issue of the amount of child support. See Florida Dep't of Revenue v. Beal, 672 So.2d 608 (Fla. 1st DCA 1996).
Additionally, the parties stipulated during family mediation that the husband would maintain a life insurance policy of $200,000 naming the minor children as beneficiaries. The trial court erred in only requiring the former husband to keep $100,000 in life insurance, contrary to the agreed-upon amount. We are also unable to ascertain the trial court's reasons for denying rehabilitative alimony. We, therefore, remand for the trial court to address those issues.
We reverse the trial court's determination as to these issues and remand for further proceedings consistent with this opinion.
AFFIRMED in part, REVERSED in part.
BOOTH and VAN NORTWICK, JJ., concur.