PER CURIAM.
This is an appeal from a final judgment of dissolution wherein the appellant, the former husband, has challenged nearly every aspect of the judgment. We affirm the judgment in all respects, save one — the amount of the former husband’s child support obligation.
Here, contrary to the plain language of the statute, the child support calculations reflected in the final judgment did not take into account the alimony award paid by the former husband and received by the former wife. See § 61.30(2)(a)9, (3)(g), Fla. Stat. (Supp.l996)(stating that spousal support paid pursuant to a court order shall be included in the recipient spouse’s gross income and deducted from the gross income of the paying spouse). Because of this oversight, we reverse the award of child support and remand for recalculation. We also note that since the parties’ respective obligations for the child’s medical, dental, and optical expenses not covered by insurance were linked to the percentage of the child support guidelines amount that each spouse was to bear, such award may also be reconsidered on remand and should be limited to those expenses that are “reasonable and necessary,” see Donsky-Levine v. Levine, 658 So.2d 1023, 1025 (Fla. 4th DCA 1995).
AFFIRMED in part; REVERSED in part; and REMANDED.
DELL, POLEN and STEVENSON, JJ., concur.