746 So.2d 566 (1999)
Edward H. SWANSTON, Appellant,
v.
Joyce E. SWANSTON, Appellee.
No. 99-1013.
District Court of Appeal of Florida, First District.
December 16, 1999.
*567 Robert Allen, Pensacola, for Appellant.
No appearance for Appellee.
BARFIELD, C.J.
In this appeal from a final judgment of dissolution of marriage, the husband challenges the awards of alimony and child support. Although the record contains no transcript of the dissolution hearing, we reverse because the errors are apparent from the final judgment. See Sugrim v. Sugrim, 649 So.2d 936 (Fla. 5th DCA 1995).
The parties were married in 1981 and their daughter was born in 1982. In 1997, the wife filed a petition for dissolution which sought, inter alia, alimony and child support, as well as an equitable division of the marital property, including the husband's military retirement benefits. According to the wife's financial affidavit and the January 1999 child support worksheet, she is employed as a police communications officer for the University of West Florida, with a gross monthly income of $1,437.33 and total monthly expenses of $1,145.66, including "children's expenses" of less than $200, while the husband receives a $1,422.00 monthly retirement payment and $1,256.67 in monthly gross income from his employment at Scotty's. The worksheet indicates that the parties' income deductions total $262.26 for the husband and $59.38 for the wife, calculates their combined net monthly income as $3,794.36, and lists no adjustments to the $784 per month basic child support obligation.
The final judgment of dissolution awarded the wife twenty-nine percent of the husband's retirement benefits, named the wife as the primary residential parent, and allowed the husband to claim the child for tax purposes. It ordered the husband to pay the wife $525 per month as child support, noting that the deviation above the child support guidelines amount was "due to the added expenses of the minor child." It also ordered the husband to pay the wife $200 per month as permanent periodic alimony until termination of the child support obligation, then $500 per month for the following sixty months, and thereafter $200 per month "until the death of either party or the remarriage of the Petitioner/Wife." It ordered the husband to maintain life insurance to secure the child support obligation and to maintain health insurance coverage on the child, and it ordered the parties to split the uncovered health, dental, and optical expenses of the child.
We agree with the husband's first contention, that the final judgment is legally deficient because it fails to include any findings of fact that support the alimony award. Section 61.08(1), Florida Statutes (1997), requires the trial court to make findings of fact relative to the factors enumerated in subsection 61.08(2) supporting the award or denial of alimony. These factors include the standard of living established during the marriage, the duration of the marriage, the age of each party, *568 the physical and emotional condition of each party, the contribution of each party to the marriage, all sources of income available to each party, the financial resources of each party, and the assets and liabilities distributed to each. A final judgment lacking such findings frustrates appellate review, and must therefore be reversed and remanded to the trial court for factual findings explicating the rationale for the alimony award, i.e., the trial court's determination of one spouse's needs and the other spouse's ability to provide for such needs. See McCarty v. McCarty, 710 So.2d 713 (Fla. 1st DCA 1998); Dal Ponte v. Dal Ponte, 692 So.2d 283 (Fla. 1st DCA 1997); Thompson v. Thompson, 658 So.2d 1214 (Fla. 1st DCA 1995); Jacques v. Jacques, 609 So.2d 74 (Fla. 1st DCA 1992). This final judgment contains only two findings of fact: that the marriage is irretrievably broken, and that the wife has been a continuous resident of Florida for at least six months prior to the petition. Without adequate factual findings concerning the statutory factors relative to the issue of alimony, it is impossible for this court to assess the reasonableness of the permanent alimony award in this case, and we find nothing in the record before us which supports an award of alimony.
If we assume that the gross income amounts stated on the January 1999 child support worksheet are correct, and if we take into account the court's award of twenty-nine percent of the husband's retirement benefits to the wife, the husband's gross monthly income is $2,266.23 and the wife's gross monthly income is $1849.77. If we assume that the income deductions stated on the worksheet are correct, the husband's net monthly income is only $213.58 greater that the wife's net monthly income. In the absence of specific findings by the trial court that there is a gross disparity in the parties' financial resources, in their physical and/or emotional conditions, or in their contributions to the marriage, we are unable to find that the award of alimony in any form or amount is appropriate, much less that the award of $200 per month to the wife is appropriate.
Assuming, however, that on remand the trial court were to make specific factual findings which would justify the $200 per month initial alimony award, we would agree with the husband that the court nevertheless reversibly erred by including in the final judgment a provision automatically adjusting the amount of alimony upon termination of his child support obligation, without making specific factual findings of extenuating circumstances that would support the automatic increase in alimony after the child reaches majority. See Umstead v. Umstead, 620 So.2d 1074 (Fla. 2d DCA 1993); Hamilton v. Hamilton, 552 So.2d 929 (Fla. 1st DCA 1989); Spanogle v. Spanogle, 376 So.2d 249 (Fla. 5th DCA 1979); Reid v. Reid, 365 So.2d 1050 (Fla. 4th DCA 1978).
With respect to the child support award, the husband contends that the trial court's failure to adjust the parties' incomes based upon the alimony award resulted in a miscalculation of the amount he was ordered to pay, citing Shrove v. Shrove, 724 So.2d 679 (Fla. 4th DCA 1999), and that the final judgment improperly ordered him to pay an amount of child support which deviated more than five percent from the child support guidelines set out in section 61.30, Florida Statutes (1997), without an adequate explanation of why ordering payment of the guideline amount "would be unjust or inappropriate." We find that the final judgment must be reversed because it does not state the minimum child support need calculated under the section 61.30, nor does it give any relevant details regarding that calculation, and its cryptic explanation for the more than five percent upward deviation from the guideline amount, as "due to the added expenses of the minor child," is wholly inadequate. See Burton v. Burton, 697 So.2d 1295 (Fla. 1st DCA 1997); Segall v. Segall, 708 So.2d 983 (Fla. 4th DCA 1998).
*569 A child support guideline amount which has been properly calculated under section 61.30 presumptively establishes the amount of child support to be ordered. See § 61.30(1)(a); State, Dept. of Revenue, By and On Behalf of Young v. Sumblin, 675 So.2d 691 (Fla. 1st DCA 1996). Assuming that the gross income amounts and deductions stated on the January 1999 child support worksheet are correct, we find that the worksheet correctly calculates the parties' combined net monthly income under section 61.30(5) as $3,794.36 and the total minimum child support need under section 61.30(6) as $784, with no adjustments. However, because it was prepared prior to, and without benefit of, the trial court's determinations regarding allocation of the husband's retirement benefits and the wife's request for alimony, the worksheet does not correctly calculate each party's gross monthly income under section 61.30(2), net monthly income under section 61.30(4), percentage share of the child support need under section 61.30(9), or actual dollar share of the child support need under section 61.30(10).
Section 61.30(2)(a)7 requires that the portions of the husband's retirement allocated to each of the parties be included in their respective gross incomes for purposes of the child support calculation. See Wrona v. Wrona, 592 So.2d 694, 696 (Fla. 2d DCA 1991). Sections 61.30(2)(a)9 and 61.30(3)(g) require that spousal support paid pursuant to a court order be included in the recipient spouse's gross income and deducted from the gross income of the paying spouse. See Calderon v. Calderon, 730 So.2d 400 (Fla. 5th DCA 1999); Shapiro v. Shapiro, 710 So.2d 114 (Fla. 4th DCA 1998). The calculation of the relative child support obligations of the parties in this case therefore depends upon whether alimony is awarded on remand.
If no alimony is awarded, the husband's percentage share of the child support obligation will be 52.8144 percent and his monthly child support obligation will be $414.06, while the wife's percentage share will be 47.1856 percent and her monthly child support obligation will be $369.94. If the trial court were to make factual findings regarding the factors enumerated in section 61.08(2) which support the alimony award of $200 per month, the husband's percentage share of the child support obligation would be 47.5434 percent and his monthly child support obligation would be $372.74, while the wife's percentage share would be 52.4565 percent and her monthly child support obligation would be $411.26. If a different amount of alimony were to be awarded and supported by findings of fact, the parties' relative child support obligations would have to be calculated under the child support guidelines.
Section 61.30(1)(a), allows the trial court, without findings of fact, to order child support which varies up to five percent from the guideline amount "after considering all relevant factors, including the needs of the child or children, age, station in life, standard of living, and the financial status and ability of each parent." It also allows the trial court to order child support which varies more than five percent from the guideline amount, but "only upon a written finding explaining why ordering payment of such guideline amount would be unjust or inappropriate." See Reynolds v. Reynolds, 668 So.2d 245 (Fla. 1st DCA 1996). Section 61.30(11) allows the trial court to adjust the minimum child support need amount, or the parents' relative child support obligations, based upon a list of considerations which include, inter alia, "[e]xtraordinary medical, psychological, educational, or dental expenses," "[t]he age of the child, taking into account the greater needs of older children," and "[s]pecial needs, such as costs that may be associated with the disability of a child, that have traditionally been met within the family budget even though the fulfilling of these needs will cause the support to exceed the proposed guidelines." However, the trial court may not order payment of child support in an amount which deviates more than five percent from the guidelines *570 without making specific written factual findings justifying such an award. See McGhee v. Childress, 724 So.2d 196 (Fla. 1st DCA 1999); State, Dept. of Revenue, By and on Behalf of Bunting v. Cain, 675 So.2d 679 (Fla. 1st DCA 1996); Walsh v. Walsh, 600 So.2d 1222 (Fla. 1st DCA 1992); Touchstone v. Touchstone, 579 So.2d 826 (Fla. 1st DCA 1991). We find that the final judgment's explanation for ordering the husband to pay the wife child support in the amount of $525 per month, an amount which deviates more than five percent from the guidelines amount, as "due to the added expenses of the minor child," does not satisfy the statutory requirement.
The awards of permanent alimony and child support are REVERSED and the case is REMANDED to the trial court for reconsideration of those awards in light of the case law discussed in this opinion. Specifically, whether it awards or denies the wife's request for alimony, the trial court shall make sufficient findings of fact to enable this court to determine the appropriateness of any such award or denial, based upon a determination of the wife's needs and the husband's ability to provide for those needs. If alimony is awarded, the trial court shall not order an automatic adjustment of the alimony award upon termination of the parties' child support obligations, absent written findings of extraordinary circumstances supporting such an adjustment. The trial court shall calculate the minimum child support obligations of the parties according to the guidelines set forth in section 61.30, making explicit findings regarding the net incomes attributable to each of the parties and taking into account the award to the wife of twenty-nine percent of the husband's retirement benefits, as well as any award of alimony to the wife. If the court awards child support in an amount which varies from the guideline amounts by more than five percent, it shall make explicit findings adequately explaining its reasons for the deviation.
ERVIN and WOLF, JJ., concur.