785 So.2d 562 (2001)
David S. KLETTE, Appellant,
v.
Shirley R. KLETTE, Appellee.
No. 1D99-2660.
District Court of Appeal of Florida, First District.
March 27, 2001.
Rehearing Denied May 25, 2001.
Keith A. McIver of Chase, Quinnell, McIver, Jackson and Marks, P.A., Pensacola, for Appellant.
R. John Westberry of Holt & Westberry, Pensacola, for Appellee.
KAHN, J.
The former husband, David S. Klette, appeals an award of permanent periodic alimony to the former wife, Shirley R. Klette. Because he has not provided a transcript of the hearing or an acceptable substitute, the husband has failed to carry his burden of showing reversible error. Accordingly, we affirm the award of permanent periodic alimony.
The Final Judgment of Dissolution of Marriage, rendered April 6, 1998, reserved jurisdiction to "determine the amount of alimony, if any." Pending such determination, *563 the court held that the wife would receive, from the husband's military retirement allotment, a lump sum of $2,091.00. The husband was also required to continue paying the wife's COBRA health insurance premium of $129.68 per month.
The Order on Pending Issues Remaining on the Dissolution of Marriage rendered June 14, 1999, awarded the wife permanent periodic alimony of $1,100.00 per month until December 1999 and $900.00 per month thereafter. As additional alimony, the husband was required to continue the COBRA health insurance payment until October 8, 2000. The former husband challenges the award of permanent periodic alimony, arguing that the trial court's failure to make any findings of fact on the statutory factors regarding entitlement to and amount of alimony enumerated in section 61.08, Florida Statutes, requires reversal.
The decision of the trial court comes to an appellate court clothed in a presumption of correctness and the burden is on the appellant to demonstrate reversible error. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla. 1979) Appellant's failure to provide either a transcript or proper substitute, such as a stipulated statement of the facts, defeats the appellate court's ability to review either the factual or legal basis for the trial court's decision. See id.
Here, however, appellant argues that the lack of a transcript is not fatal because reversible error is apparent from the face of the order on appeal. Specifically, he argues that this Court need not look beyond the face of the order on appeal because the trial court's failure to make factual findings pursuant to section 61.08(1), Florida Statutes, constitutes reversible error. By implication, appellant suggests that a harmless error analysis is simply unavailable where the factual findings do not appear in the order.
This Court has applied a harmless error analysis in the context of equitable distribution. See Vaughn v. Vaughn, 714 So.2d 632, 633-34 (Fla. 1st DCA 1998)(applying a harmless error analysis to trial court's failure to make findings in support of unequal division of marital assets). We reached the result in Vaughn knowing that the equitable distribution statute requires "specific written findings" as to various aspects concerning identification and distribution of marital assets. See § 61.075(3)(a)-(d), Fla. Stat. (1993). We see no reason why an appellate court should not conduct a similar analysis of an award of alimony pursuant to section 61.08, Florida Statutes, which contains a similar requirement.
Section 59.041, Florida Statutes, the harmless error statute directs:
No judgment shall be set aside or reversed, or new trial granted by any court of the state in any cause, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or for error as to any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice.
Here appellant has provided neither a transcript nor a statement as provided by Rule 9.200(b)(4), Florida Rules of Appellate Procedure. Because of this, we cannot conduct "an examination of the entire case" as we are directed by section 59.041. Cf. Rollins v. Rollins, 783 So.2d 1114 (Fla. 1st DCA 2001) (Where no transcript or Rule 9.200(b)(4) statement is provided, "appellate review is precluded and we are unable to ascertain whether the trial court erred.").
*564 We find that a harmless error analysis is mandated in this case. The lack of a transcript, or substitute, frustrates this requirement.[*] Applying the rule of Applegate, we conclude that appellant has failed to demonstrate reversible error.
AFFIRMED.
BOOTH and VAN NORTWICK, JJ., concur.
NOTES
[*] The Fourth District Court of Appeal has observed, "Applegate is not controlling [where] we find reversible error on the face of the amended judgment alone." Casella v. Casella, 569 So.2d 848, 849 (Fla. 4th DCA 1990). The Casella court did not mention its obligation under section 59.041.