788 So.2d 1083 (2001)
Willie C. GREEN, Appellant,
v.
Diane GREEN, Appellee.
No. 1D00-4087.
District Court of Appeal of Florida, First District.
June 12, 2001.
Rehearing Denied July 18, 2001.
*1084 Willie C. Green, Appellant, pro se.
Marva A. Davis of Marva A. Davis, P.A., Quincy, for Appellee.
PER CURIAM.
Willie Green, the appellant, seeks review of a final judgment of dissolution of marriage. He alleges that the trial court failed to calculate correctly his child support obligation and failed to list and valuate the marital assets and liabilities. He also claims that the trial court erred in awarding alimony to Diane Green, the appellee. The appellant further argues that the final judgment did not dissolve his marriage and also erroneously lists one of the parties' properties. We affirm in part and reverse and remand in part.
In dissolution of marriage actions, the trial court has broad discretion; its judgment is presumed correct. See *1085 Nichols v. Nichols, 304 So.2d 497 (Fla. 1st DCA 1974); West v. West, 260 So.2d 541 (Fla. 1st DCA 1972). This Court will affirm a final judgment of dissolution of marriage unless the appellant shows an abuse of discretion. See West, 260 So.2d at 542. However, where the trial court fails to apply the correct legal rule, this Court reviews the issue as a matter of law. See Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla.1980).

Child Support
The appellant argues that the trial court erred in relying on the appellee's representation of his income. He claims that her overstatement of income incorrectly inflated his child support obligation. The appellant, however, has failed to carry his burden of proving error by failing to provide a hearing transcript or acceptable substitute. See Klette v. Klette, 785 So.2d 562 (Fla. 1st DCA 2001). As the record on appeal does not contain any evidence of abuse of the trial court's discretion, we affirm the determination that the appellant's net monthly income is $3,782.62.
The appellee concedes that the trial court did err in failing to account for the alimony award in determining the child support award. Section 61.30(3)(g), Florida Statutes (1997), permits the appellant to make a deduction for alimony from his net income; conversely, the appellee adds alimony to her income, under section 61.30(2)(a)9, Florida Statutes (1997), for determining the child support guideline amount. See Weiser v. Weiser, 782 So.2d 986 (Fla. 4th DCA 2001). Because no abuse of discretion has been shown regarding the previous incomes absent the alimony, the recalculation for alimony should be based on the court's previously determined monthly incomes. Accordingly, we remand for the trial court to make the appropriate recalculation.

Marital Assets and Liabilities
The appellant argues, and the appellee agrees, that the trial court erred in failing to make specific findings concerning the marital liabilities and the value of marital assets. Section 61.075(3), Florida Statutes (1997), provides that any distribution of marital assets and liabilities shall be supported by specific written findings of fact. The trial court must clearly identify the assets, valuation of the assets and ownership interests. § 61.075(3)(a), (b), Fla. Stat. (1997). The trial court also must identify the marital liabilities and specify which spouse is responsible for each liability. § 61.075(3)(c), Fla. Stat. (1997). As the trial court did not make any specific findings regarding marital assets and liabilities as required by the Florida Statutes, we remand for the trial court to make such findings of fact.

Alimony
The trial court has discretionary authority to establish the appropriate amount of alimony. See Canakaris, 382 So.2d at 1203. The appellant has not presented any evidence that the trial court abused its discretion in awarding the appellee $300 per month in alimony. Because the appellant failed to provide this Court with a transcript of the hearing or an acceptable substitute, he has failed to carry his burden of showing error. See Klette, 785 So.2d 562. Furthermore, given the length of the marriage (22 years), the income of both parties, the age and education of the appellee, and the totality of the parties financial circumstances, the alimony award is not unreasonable. See § 61.08(2), Fla. Stat. (1997). Accordingly, we affirm the alimony award.

Other Errors
Finally, the appellant argues that the final judgment contains several errors *1086 which require reversal. The appellant claims that the final judgment did not dissolve the marriage. The appellee agrees that the final judgment does not specifically dissolve the marriage. Indeed, review of the final judgment indicates that this specific conclusion is not stated. Therefore, we remand for the trial court to make this specific conclusion.
The appellant also claims that the final judgment erroneously listed a property as located in Gretna rather than Quincy, Florida. However, the legal description in the warranty deed matches the legal description listed in the final judgment. As the legal descriptions match, any error in stating the physical city location of the property is harmless. See Baker v. Baker, 271 So.2d 796 (Fla. 3d DCA 1973).
AFFIRMED in part; REVERSED in part; REMANDED with directions.
BARFIELD, C.J., DAVIS and LEWIS, JJ., CONCUR.