WOLF, J.
Eddie G. Lewis, the former husband, challenges a final judgment dissolving the parties’ marriage. He asserts that the trial court erred in awarding the former wife permanent, periodic alimony in the *778 absence of a finding that she needs alimony in order to live in the lifestyle enjoyed by the parties during the marriage. We affirm on the authority of Klette v. Klette, 785 So.2d 562 (Fla. 1st DCA 2001).
In the order on appeal, the trial court makes numerous findings related to the former wife’s entitlement to alimony. There is, however, no specific finding as to the standard of living established during the marriage. We note that the trial court found the expenses of the former wife to be reasonable. Neither side has provided us with a copy of a transcript of the final hearing or a statement of proceedings prepared in accordance with rule 9.200(b)(4) of the Florida Rules of Appellate Procedure, even though they were given the opportunity to do so. The former husband argues that we are required to reverse based on Swanston v. Swanston, 746 So.2d 566 (Fla. 1st DCA 1999). We find that case to be distinguishable from the instant case as well as from Klette.
In Klette, the former husband challenged the award of alimony to the former wife based on a lack of findings to support the award. See Klette, 785 So.2d at 563. As in the instant case, no transcript of the final hearing or statement of proceedings was provided to this court. See id. at 562. We held in Klette that the lack of a transcript or statement precluded us from applying the harmless error analysis required by section 59.041, Florida Statutes, and affirmed. The former husband correctly points out that in Swanston we reversed an award of alimony not supported by the statutorily mandated findings notwithstanding the fact that there had been no transcript or statement of proceedings provided in the record on appeal; however, in Swanston there were substantial inconsistencies in the final judgment itself which indicated that the award of alimony in that case was not legally appropriate. See id. at 568. In the instant case, no such inconsistencies exist. We, therefore, affirm.
WEBSTER and BROWNING, JJ., concur.