PER CURIAM.
The appellant, Veda Sherrill Wimberly, timely appeals from a final judgment of dissolution of marriage. The appellant contends that the trial court erred in finding that the parties’ Jackson County residence was the nonmarital asset of the former husband. Because this was error, we reverse. We also find merit in the appellant’s argument that the trial court erred in not making findings to support the distribution of the remaining assets.
Prior to the marriage, the former husband’s family gave him the real property at issue. After the parties married, the former husband placed the former wife’s name on the deed. The trial court found *1115 that the property was nonmarital because it was given to him by his family before the marriage. This was error.
Real property held as tenants by the entireties is presumed to be a marital asset subject to equitable distribution. § 61.075(5)(a)5., Fla. Stat. (2000); Robertson v. Robertson, 593 So.2d 491, 494 (Fla.1991). The spouse who seeks a special equity in the property has the burden of overcoming the presumption by showing that no gift of an interest in the property to the other spouse was intended. Id. The entireties property in the present case was thus presumed to be a marital asset, and the former husband had the burden of overcoming the presumption. The trial court made no findings to this effect. Furthermore, the record contains no evidence to support a finding that the former husband satisfied his burden.
Additionally, it appears that the distribution of the remaining assets was unequal. The order lacks findings to support the distribution according to the enumerated statutory factors. § 61.075(3), Fla. Stat. (2000). On remand, the trial court must identify the remaining assets as marital or nonmarital, determine the values, and make findings of fact regarding the distribution as required by section 61.075(3), Florida Statutes (2000). See Green v. Green, 788 So.2d 1083, 1085 (Fla. 1st DCA 2001); Colley v. Colley, 745 So.2d 1125, 1125 (Fla. 1st DCA 1999); Prom v. Prom, 589 So.2d 1363, 1364 (Fla. 1st DCA 1991).
REVERSED and REMANDED.
BARFIELD, KAHN and PADOVANO, JJ., concur.