965 So.2d 1261 (2007)
Mary Alice ESAW, Appellant,
v.
Albert Earnest ESAW, Appellee.
No. 2D06-1163.
District Court of Appeal of Florida, Second District.
October 5, 2007.
*1263 Nicholas P. Sardelis, Jr. of Law Offices of Sardelis and Bowles, L.L.P., Sarasota, for Appellant.
Laurie E. Baker of Baker & Paul, Bradenton, for Appellee.
CANADY, Judge.
Mary Alice Esaw, the wife, appeals a final judgment of dissolution of marriage. The wife seeks reversal of the judgment on the ground that the trial court's findings were inadequate and on the ground that the judgment is fundamentally erroneous on its face. For the reasons expressed below, we reject both arguments for reversal and affirm the judgment.

I. Background

The Esaws were married in 1985 and had no children during their marriage. On November 10, 2004, the wife filed a petition for dissolution of marriage. The parties attempted mediation, but no agreement was reached. On January 20, 2006, a final hearing was held. There is no transcript of the hearing in the record, but the record contains a "COURT APPEARANCE RECORD" from January 20, 2006, prepared by the court's clerk and indicating that the trial court ruled on the issues of equitable distribution, alimony, and attorneys' fees. On February 16, 2006, a conference was held. There is no transcript of this conference in the record, but the record contains another "COURT APPEARANCE RECORD" from February 16, 2006, which indicates that corrections were made to valuations in regard to the marital property. It also states "FINAL JUDGMENT PREPARED BY [THE WIFE'S TRIAL ATTORNEY], CORRECTIONS MADE ON FINAL JUDGEMENT BY JUDGE DUNNIGAN." On February 16, 2006, the trial court entered the final judgment of dissolution of marriage.

II. The Claim of Inadequate Factual Findings

The wife argues on appeal that the trial court erred in failing to make specific findings of fact supporting the alimony award and that the trial court erred in failing to value certain marital property when making the equitable distribution determination. She argues that these findings are statutorily required and that therefore the trial court's failure to include them is reversible error.
Section 61.08, Florida Statutes (2004), sets forth the factors for a trial court to consider in determining a proper award of alimony. "The statute requires the trial court to include findings of fact *1264 relative to the . . . factors" set forth in the statute. Milo v. Milo, 718 So.2d 343, 344 (Fla. 2d DCA 1998); see § 61.08(1), Fla. Stat. "Failure to include findings of fact as required by section 61.08 is reversible error." Farley v. Farley, 800 So.2d 710, 711 (Fla. 2d DCA 2001). The purpose of these findings "is to assist the appellate court in providing a meaningful review." Milo, 718 So.2d at 344-45.
As for equitable distribution, section 61.075(3)(b) requires the trial court to make specific findings of fact regarding "[i]dentification of marital assets, including the individual valuation of significant assets, and designation of which spouse shall be entitled to each asset." (Emphasis added.) "The final distribution of marital assets, whether equal or unequal, must be supported by factual findings based on substantial competent evidence." Guida v. Guida, 870 So.2d 222, 224 (Fla. 2d DCA 2004). "Failure to include the statutorily required findings of fact makes appellate review of the distribution scheme difficult, if not impossible, and requires reversal." Id.
Here, the judgment does not contain any factual findings regarding the alimony factors. See § 61.08(2)(a)-(g). The judgment also omits findings concerning the value of several of the couple's significant marital assets which were subject to equitable distribution. See § 61.075(3)(b).
The absence of findings is coupled here with the absence of a transcript of the hearing. The most salient impediment to meaningful review of the trial court's decision is not the absence of findings, but the absence of a transcript. In Klette v. Klette, 785 So.2d 562 (Fla. 1st DCA 2001), the First District considered whether the lack of findings supporting an alimony award was reversible error where the appellant failed to provide a transcript of the hearing or an acceptable substitute. The court held that a harmless error analysis was mandated and that "[t]he lack of a transcript, or substitute, frustrate[d] this requirement." Id. at 564. Therefore, the court held "that appellant . . . failed to demonstrate reversible error." Id. (citing Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979)); see also Williams v. Williams, 923 So.2d 606, 608 (Fla. 2d DCA 2006) (citing Klette and recognizing that "[t]he failure to make the required findings may constitute harmless error when our review is not hampered by their absence"). But see Dorsett v. Dorsett, 902 So.2d 947, 950 (Fla. 4th DCA 2005) (holding that "[e]ven when no trial transcript is provided to the reviewing court, [f]ailure to make sufficient findings regarding value of property and identification of marital assets and debts constitutes reversible error and requires remand for appropriate findings to be made" (internal citations omitted) (alterations in original)); Whelan v. Whelan, 736 So.2d 732, 733 (Fla. 4th DCA 1999) (same).
The reasoning of Klette is persuasive. It takes seriously the provision of section 59.041, Florida Statutes (2004), that "[n]o judgment shall be set aside or reversed . . . for error as to any matter of . . . procedure, unless" it is apparent "that the error complained of has resulted in a miscarriage of justice." Under section 59.041, "[i]n a civil case, an error is reversible  that is, harmful error  [only] where `it is reasonably probable that a result more favorable to the appellant would have been reached if the error had not been committed.'" Florida Institute for Neurologic Rehab., Inc. v. Marshall, 943 So.2d 976, 979 (Fla. 2d DCA 2006) (quoting Damico v. Lundberg, 379 So.2d 964, 965 (Fla. 2d DCA 1979)). The appellant has the burden of providing a proper record to the reviewing court, and the failure to do so is "usually fatal" to the appellant's *1265 claims. Casella v. Casella, 569 So.2d 848, 849 (Fla. 4th DCA 1990). Without such a record, it will ordinarily be impossible for the appellant to establish that an asserted error is harmful.
In Guida, where we reversed for insufficient findings, the court made a passing reference to the absence of a transcript and statement of the evidence. 870 So.2d at 223. The opinion in Guida does not, however, discuss the significance of the deficiencies in the record. There is no suggestion in Guida that the court considered the harmless error issue which provided the basis for the decision in Klette. Accordingly, Guida contains no holding on that issue. See State ex rel. Helseth v. Du Bose, 99 Fla. 812, 128 So. 4, 6 (1930) ("[N]o decision is authority on any question not raised and considered, although it may be involved in the facts of the case.").
We acknowledge that there are circumstances in which a claim of inadequate findings can lead to reversal even in the absence of a transcript or appropriate substitute. In particular, an award of attorney's fees without adequate findings justifying the amount of the award is reversible even where the appellant has provided an inadequate record of the trial court proceedings. Giltex Corp. v. Diehl, 583 So.2d 734, 735-36 (Fla. 1st DCA 1991), held that even though a transcript and stipulated statement of the evidence were lacking, an order awarding attorney's fees should be reversed "because the trial court's order [was] fundamentally erroneous on its face for failure to make the express findings required by" Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). This court has followed the reasoning of Giltex. See Baratta v. Valley Oak Homeowners' Ass'n at the Vineyards, Inc., 891 So.2d 1063, 1065-66 (Fla. 2d DCA 2004); Bayer v. Global Renaissance Arts, Inc., 869 So.2d 1232, 1232 (Fla. 2d DCA 2004).
We have not, however, held that an order which lacks a finding required under section 61.08 or 61.075 is fundamentally erroneous simply by virtue of the technical deficiency in the trial court's findings. There is no general rule that the lack of statutorily required findings constitutes fundamental error. In the context of the admissibility of child hearsay statements, the supreme court has held that "the failure of a trial judge to make sufficient findings under the statute, in and of itself, does not constitute fundamental error." State v. Townsend, 635 So.2d 949, 959 (Fla.1994). Furthermore, in the instant case the wife has not argued that the deficiencies in the trial court's findings rendered the judgment fundamentally erroneous on its face.
Here, in the absence of a transcript or appropriate substitute, the wife is unable to demonstrate "that the error complained of has resulted in a miscarriage of justice." § 59.041. "[T]he record brought forward by the [wife] is inadequate to demonstrate reversible error." Applegate, 377 So.2d at 1152. Indeed, the wife has made no attempt to show how the inadequacy of the findings constitutes harmful error. Because the wife did not provide a transcript or appropriate substitute and did not demonstrate harmful error, we will not reverse the judgment on the basis of the wife's claim that the findings are inadequate.[1]

*1266 III. The Claim of Fundamental Error On the Face of the Judgment

The wife also argues that the trial court erred in concluding that the wife had the burden to prove that she was unable to work and in imputing income to the wife. She claims that the law provides that the party asserting that the other spouse is voluntarily unemployed has the burden of proof on the issue of imputation of income. The wife asserts that this portion of the final judgment is fundamentally erroneous on its face. See Hoirup v. Hoirup, 862 So.2d 780, 782 (Fla. 2d DCA 2003) ("[W]here a trial transcript or proper substitute does not appear in the record on appeal, the trial court's order must be upheld unless the order is fundamentally erroneous on its face."); see also Chirino v. Chirino, 710 So.2d 696, 697 (Fla. 2d DCA 1998) (stating that "the absence of a transcript does not preclude reversal where an error of law is apparent on the face of the judgment"). We reject this argument.
In awarding alimony in its final judgment of dissolution of marriage, the trial court ruled that although the wife testified that she is physically unable to work, she failed to provide enough evidence that she is unable to be employed. The trial court imputed income to the wife in the amount of $1000 a month.
"[T]he two primary considerations in the award of permanent alimony are need and ability to pay. As to the need, the court must consider the standard of living enjoyed during the marriage and each party's age, health, and earning ability." O'Connor v. O'Connor, 782 So.2d 502, 503 (Fla. 2d DCA 2001) (emphasis added). Section 61.08(2)(g) specifically requires consideration of "[a]ll sources of income available to either party." The trial court thus must consider the "ability [of the party seeking alimony] to contribute to her own support." O'Connor, 782 So.2d at 504; see also Shrove v. Shrove, 724 So.2d 679, 682 (Fla. 4th DCA 1999) ("As to the imputation of income to the [spouse seeking alimony], the amount of income a spouse [seeking alimony] may be able to earn is a factor the court should consider in determining an alimony award." (citing § 61.08(2)(d), (g), Fla. Stat. (1997))).
Generally, a party seeking relief has the burden of establishing an entitlement to that relief. See Berg v. Bridle Path Homeowners Ass'n, 809 So.2d 32, 34 (Fla. 4th DCA 2002) ("It is well-settled in Florida law that the plaintiff is required to prove every material allegation of its complaint which is denied by the party defending against the claim."). In accord with this general principle, a "litigant requesting . . . alimony has the burden of proof on that issue." Walter v. Walter, 442 So.2d 257, 259 (Fla. 5th DCA 1983), quashed on other grounds, 464 So.2d 538 (Fla.1985).
In proving ability to pay, a party requesting alimony has the burden to establish the income  including imputed income  available to the party from whom alimony is sought. See Blanchard v. Blanchard, 793 So.2d 989, 992 (Fla. 2d DCA 2001) (holding that where wife who sought alimony "offered no competent, substantial evidence sufficient to support *1267 imputing income to the husband," the trial court correctly refused to impute income to husband). Similarly, in proving need, a spouse requesting alimony has the burden of establishing the income available to the requesting spouse.
In support of her argument on this point, the wife relies on Andrews v. Andrews, 867 So.2d 476 (Fla. 5th DCA 2004), and Greene v. Greene, 895 So.2d 503 (Fla. 5th DCA 2005). Andrews states that "[t]he party asserting that the spouse is voluntarily unemployed or underemployed has the burden of proof." 867 So.2d at 478 n. 2. Relying on Andrews, Greene states that it is "contrary to current case law" for a trial judge to "place[ ] the burden of proof" on a spouse requesting alimony "to show she was not voluntarily unemployed or underemployed." 895 So.2d at 512-13.
In both Andrews and Greene, the appellate court determined that the evidence did not support the trial court's ruling concerning the amount of income available to the spouse requesting alimony. In both cases, the requesting spouse had presented evidence showing that the income available to the requesting spouse was less than the income determined to be available by the trial court. The Andrews and Greene decisions concluded that the spouse from whom alimony was sought had failed to present evidence sufficient to support the trial court's determination concerning the imputation of income to the requesting spouse.
Andrews and Greene thus recognize that where substantial, competent evidence is adduced by the requesting spouse with respect to the income available to the requesting spouse, the spouse from whom alimony is sought then has the burden of adducing evidence to rebut the requesting spouse's evidence on that issue. To the extent that Andrews and Greene suggest that the initial burden of proof with respect to the income available to a requesting spouse rests on the other spouse, we take a contrary view.
Here, it is apparent that the trial court considered the wife's ability to work in relation to her claimed need for alimony. It is also apparent that the trial court determined that the wife presented insufficient evidence to support the conclusion that the wife was unable to work. Since there is no record of the evidentiary hearing, we do not know what evidence the husband adduced on this issue. Without the record of the evidentiary hearing, we cannot conclude that the trial court erred in determining that the wife did not establish her need. And there is nothing in the judgment which suggests the trial court made an error in its legal analysis. In this context, the reference in the judgment to the wife's failure to provide sufficient evidence concerning her claimed inability to be employed does not render the judgment fundamentally erroneous on its face.

IV. Conclusion

Having determined (a) that the absence of findings does not present a basis for reversal under the circumstances presented here and (b) that the judgment is not fundamentally erroneous on its face, we affirm the trial court's final judgment of dissolution of marriage.
Affirmed.
FARNELL, DEE ANNA, Associate Judge, Concurs.
SILBERMAN, J., Concurs with opinion.
SILBERMAN, Judge, Concurring.
I concur with the majority opinion and the observation that the absence of a transcript or a statement of the evidence is the most salient impediment to review of the final judgment. Although the judgment does not include detailed findings of fact, *1268 without an adequate record the wife cannot show that the equitable distribution and alimony award are not supported by competent, substantial evidence.
Also, in footnote 1, the majority notes a possible issue as to whether the lack of adequate findings was properly preserved for review. Owens v. Owens, 32 Fla. L. Weekly D2095, ___ So.2d ___, 2007 WL 2456208 (Fla. 1st DCA Aug. 31, 2007), Mathieu v. Mathieu, 877 So.2d 740 (Fla. 5th DCA 2004), and Broadfoot v. Broadfoot, 791 So.2d 584 (Fla. 3d DCA 2001), discuss the use of motions for rehearing to bring to the trial court's attention its failure to make adequate findings, thereby preserving the error for appellate review. Dorsett v. Dorsett, 902 So.2d 947, 950 (Fla. 4th DCA 2005), reiterates that errors of law appearing on the face of an order may be reviewed notwithstanding the lack of a trial transcript. Dorsett also states that reversal is required when a court fails to make sufficient findings regarding the value of property and the identification of marital assets and debts. As to the latter statement concerning the failure to make sufficient findings, Dorsett cites Mathieu and Broadfoot as contrary authority. 902 So.2d at 950 n. 3.
In my view, because this court has not explicitly addressed the preservation question as discussed in Owens, Mathieu and Broadfoot, litigants should bring the lack of adequate findings to the trial court's attention at the first available opportunity to try and avoid an appellate determination that the issue has not been properly preserved.
NOTES
[1] We note that in Mathieu v. Mathieu, 877 So.2d 740, 741 (Fla. 5th DCA 2004), the court stated "that a party cannot complain on appeal about inadequate findings in a dissolution case unless the alleged defect was brought to the trial court's attention in a motion for rehearing" and that "[i]n the usual case, we will treat the lack of adequate findings as an unpreserved error unless previously brought to the trial court's attention." See also Owens v. Owens, 32 Fla. L. Weekly D2095, ___ So.2d ___, 2007 WL 2456208 (Fla. 1st DCA Aug. 31, 2007); Broadfoot v. Broadfoot, 791 So.2d 584, 585 (Fla. 3d DCA 2001). But see Dorsett v. Dorsett, 902 So.2d 947, 950 n. 3 (Fla. 4th DCA 2005) (expressing disagreement with Mathieu and Broadfoot).

Here, the wife did not file a motion for rehearing or demonstrate that she had otherwise brought the issue of the adequacy of findings to the attention of the trial court. In view of our determination that the absence of findings is not a basis for reversal under the circumstances presented here, we have not decided the preservation issue.