NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


DONALD JERICKA,                              )
                                             )
        Appellant,              )
                                             )
v.                                           )        Case No. 2D14-2025
                                             )
LINDA JERICKA,                               )
                                             )
        Appellee.               )
_____)

Opinion filed December 2, 2015.

Appeal from the Circuit Court for Charlotte
County; Lisa S. Porter, Judge.

Allison M. Perry of Florida Appeals &
Mediations, P.A., Tampa, for Appellant.

Susan G. Wright, Arcadia, for Appellee.


KHOUZAM, Judge.

        Donald Jericka (the Former Husband) appeals the final judgment of

dissolution that awarded Linda Jericka (the Former Wife) permanent periodic alimony.

Because the Former Husband failed to provide a transcript or statement of evidence, we

affirm.

The parties were married in September 1977 and remained married for approximately thirty-six years. In March 2013, the Former Wife filed a petition for dissolution of marriage. The Former Husband was employed as an electrician and owned and managed his own business with several employees. Throughout the dissolution proceedings, the Former Husband filed five financial affidavits. Each subsequent affidavit showed diminishing income from his business. In the final affidavit, the Former Husband claimed $0 as his monthly income derived from his corporation, showing roughly a $3900 decrease from the initial affidavit.

Following an evidentiary hearing, the trial court entered a final judgment and ordered the Former Husband to pay the Former Wife $2000 a month for permanent periodic alimony. Based upon the Former Husband's multiple income amendments to his financial affidavits, the trial court determined that the Former Husband was less credible than the Former Wife and that the Former Husband appeared to manage his business in a way to affect the alimony award. With these exceptions, the trial court did not make any other factual findings in the final judgment to support its ruling that the Former Husband pay permanent periodic alimony each month. The record contains neither a transcript nor a statement of evidence or proceedings as provided for by Florida Rule of Appellate Procedure 9.200(b)(4).

The Former Husband contends that the trial court erred in failing to make factual findings in support of its alimony award. Section 61.08, Florida Statutes (2012), requires a trial court to make specific factual determinations as to whether either party has an actual need for alimony and whether either party has the ability to pay alimony.

-2-

See Crick v. Crick, 78 So. 3d 696, 698 (Fla. 2d DCA 2012). Failure to make these findings is reversible error. See Farley v. Farley, 800 So. 2d 710, 711 (Fla. 2d DCA 2001). We note that the order on appeal in this case is bereft of the requisite factual findings and, with the exception of the findings regarding the Former Husband's financial affidavits, merely tracked the language found in section 61.08(2). See Melo v. Melo, 864 So. 2d 1268, 1269 (Fla. 3d DCA 2004). But we are compelled to affirm as the Former Husband has failed to provide a transcript or statement under rule 9.200(b)(4). This failure precludes this court from reviewing the factual or legal basis for the trial court's decision. See Klette v. Klette, 785 So. 2d 562, 563 (Fla. 1st DCA 2001); see also Esaw v. Esaw, 965 So. 2d 1261, 1264 (Fla. 2d DCA 2007) ("The most salient impediment to meaningful review of the trial court's decision is not the absence of findings, but the absence of a transcript."). We recognize that in some cases the absence of a transcript does not preclude reversal where the error is apparent on the face of the judgment. See Hoirup v. Hoirup, 862 So. 2d 780, 782 (Fla. 2d DCA 2003). However, a harmless error review is required in alimony cases, and the lack of a transcript frustrates our ability to conduct such a review. Klette, 785 So. 2d at 563-64. That is, without the transcript or suitable substitute, we cannot evaluate the entire case as required for a harmless error analysis. Id. at 563. Accordingly, we affirm.

Affirmed.

ALTENBERND and SLEET, JJ., Concur.