# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-2023

_____

JOSEPH R. MCGEE, Husband,

    Appellant,

    v.

ANGELINE E. MCGEE, Wife,

    Appellee.

_____

On appeal from the Circuit Court for Nassau County.
Robert M. Foster, Judge.

February 4, 2019

PER CURIAM.

The former husband appeals several aspects of the final judgment of dissolution of marriage. However, he failed to provide a transcript of the final hearing or a stipulated statement of the evidence. Because the former husband challenges, in part, the sufficiency of the evidence to support the temporary alimony and equitable distribution of marital debt as ordered by the trial court, these portions of the final judgment are affirmed. *See Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150 (Fla. 1979); *Jericka v. Jericka*, 198 So. 3d 661, 662 (Fla. 2d DCA 2015); *Esaw v. Esaw*, 965 So. 2d 1261 (Fla. 2d DCA 2007) and *Klette v. Klette*, 785 So. 2d 562 (Fla. 1st DCA 2001). *See also* § 59.041, Fla. Stat. (2017).

The former husband also challenges the trial court's determination of his child support obligation. As with other appeals, where the appellant fails to provide a transcript or proper substitute, "the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error." *Applegate*, 377 So. 2d at 1152. This general rule applies to appeals of child support awards, such as here, on grounds that the court used an incorrect income figure. *Green v. Green*, 788 So. 2d 1083, 1084 (Fla. 1st DCA 2001).

The absence of a transcript is ordinarily fatal to such appeals, but an exception applies where the trial court fails to make any findings of fact regarding the parties' incomes and the appellant makes "a specific claim of harm resulting from the trial court's failure to make findings regarding the parties' incomes." *Wilcox v. Munoz*, 35 So. 3d 136, 139 (Fla. 2d DCA 2010); *see also Aguirre v. Aguirre*, 985 So. 2d 1203 (Fla. 4th DCA 2008). However, the exception does not apply here. The final judgment contains findings by the trial court regarding the parties' incomes. While the former husband challenges the accuracy of the trial court's finding of his gross income, he does not challenge the trial court's imputation of income to the former wife for its starting point. Furthermore, he does not assert that the child support award of $615.66 per month departs from the appropriate guidelines amount, is grossly disproportionate to his income, or otherwise constitutes harmful error.

Our review of the record as provided fails to reveal a miscarriage of justice or an abuse of the trial court's discretion on the face of the judgment such that reversal is required. While the judgment on appeal lacks written findings as to some statutory factors, without a transcript of the hearing we cannot presume that the trial court's determination of the former husband's share of the child's need for support was unsupported by sufficient evidence presented at trial or that the child support ordered was otherwise the result of harmful error. *See* § 59.041, Fla. Stat. (requiring appellate examination of "entire case" for determination of whether error resulted in miscarriage of justice). Accordingly, the trial court's determination of the former husband's child support obligation is affirmed.

2

Finally, the portion of this appeal challenging the trial court's reservation of jurisdiction to determine the amount former husband will pay for former wife's attorney's fees is dismissed for lack of jurisdiction. *See Ness v. Martinez*, 249 So. 3d 754 (Fla. 1st DCA 2018); *Card v. Card*, 122 So. 3d 436 (Fla. 2d DCA 2013). That portion of the final judgment does not make an award of fees. It only determines entitlement and is therefore nonfinal.

AFFIRMED in part, DISMISSED in part.

B.L. THOMAS, C.J., and BILBREY and JAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Alexa K. Alvarez of Alvarez & Wallace, P.A., Fernandina Beach, for Appellant.

Bryan S. Gowdy and Daniel Mahfood of Creed & Gowdy, P.A., Jacksonville; Jacqueline Fortier, Law Offices of Garnett Harrison, Kingsland, Georgia, for Appellee.