DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

CYNTHIA HINOJOSA,

Appellant,

v.

JASON HINOJOSA,

Appellee.

No. 2D2023-0155

_____

May 31, 2024

Appeal from the Circuit Court for Hillsborough County; Helene L. Daniel, Judge.

K. Dean Kantaras of K. Dean Kantaras, P.A., Palm Harbor, for Appellant.

Janelle A. Weber of Manta Law, Tampa, for Appellee.

ROTHSTEIN-YOUAKIM, Judge.

On this appeal of the final judgment of dissolution, Cynthia Hinojosa (the former wife) challenges the trial court's denial of her request for permanent alimony and its classification, valuation, and distribution of various assets. We reverse in part and affirm in part.[1]

_____

[1] Notwithstanding her multiple attacks on the judgment, the former wife did not provide this court with a trial transcript, which impedes our consideration of most of them. *See Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court [cannot] properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory."); *see also Esaw v. Esaw*, 965 So. 2d 1261, 1264–65 (Fla. 2d DCA 2007)

Although the final judgment classified as marital property a JP Morgan 401k account, it did not further provide for the account's equitable distribution. The former wife contends that this was error. We agree, as does Jason Hinojosa (the former husband), who concedes that remand is warranted on this basis.[2] *See* § 61.075(1), Fla. Stat. (2022) (requiring that a trial court in a dissolution action equitably distribute the parties' marital assets and liabilities); *Hollister v. Hollister*, 965 So. 2d 341, 344 (Fla. 2d DCA 2007) (reversing final judgment because the court "listed and valued assets and liabilities in the final judgment but failed to distribute them"). We therefore reverse and remand for equitable distribution of the JP Morgan 401k account.

The final judgment also gives the former husband possession of the marital home and directs him to either refinance or sell it. The former wife contends that the judgment does not clearly explain what her share will be if the former husband refinances. Because we are remanding for distribution of the JP Morgan 401k account, we also direct that the trial court on remand clarify how the former wife will be paid her share of the marital home's equity upon refinance.

We otherwise affirm without further comment.

Affirmed in part; reversed in part; remanded with instructions.

CASANUEVA and ATKINSON, JJ., Concur.

—————————————

Opinion subject to revision prior to official publication.

(holding that the purported lack of findings supporting an equitable distribution of marital property was not reversible error because the appellant failed to provide a transcript of the hearing or an acceptable substitute).

[2] We note that the former wife could have easily brought this oversight to the trial court's attention via a motion for rehearing.