# Third District Court of Appeal

## State of Florida

Opinion filed September 18, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-341
Lower Tribunal Nos. 23-003578CS, 2001680266, 13220016403FC
_____

**Iderious Lee Love,**
Appellant,

vs.

**Department of Revenue, Child Support Program, et al.,**
Appellees.

An Appeal from the State of Florida Department of Revenue, Child Support Program.

Iderious Lee Love, in proper person.

Ashley Moody, Attorney General, and Toni C. Bernstein, Senior Assistant Attorney General (Tallahassee), for appellee Department of Revenue.

Before MILLER, LOBREE and BOKOR, JJ.

PER CURIAM.

Affirmed.  See § 409.2563(2)(e), Fla. Stat. (2024) ("This section does

not grant jurisdiction to the department or the Division of Administrative Hearings to hear or determine issues of . . . disputed paternity . . . ."); Fernandez v. Dep't of Revenue, Child Support, 971 So. 2d 875, 878 (Fla. 3d DCA 2007) ("When paternity has already been established by affidavit, a birth certificate, or a prior judicial proceeding, the father is not a 'putative father' and DOR, the mother, or the child do not bear the burden of proving paternity.  A father's response, 'need DNA test,' to a DOR administrative proceeding for child support does not by itself terminate the proceeding or require DOR to commence a circuit court action to establish paternity. Rather, the burden is then on the respondent to commence his own action in the circuit court to prove that what was previously admitted, his fatherhood, is in fact a falsehood.") (citations omitted); McGee v. McGee, 264 So. 3d 1087, 1089 (Fla. 1st DCA 2019) ("[W]ithout a transcript of the hearing we cannot presume that the trial court's determination of the former husband's share of the child's need for support was unsupported by sufficient evidence presented at trial.").